GOSS PRINTING PRESS COMPANY *vs.* CHARLES E. TODD.

Suffolk.      March 8, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Attorney at Law. Practice, Civil,* Appeal, Discretion of court.

A petition, filed in the Superior Court, alleging that an attorney at law, who was a member of the bar of the Commonwealth, while acting as attorney for the petitioner had collected $8,000 due to the petitioner and had failed to pay it over to him because, as he admitted, he had lost it in speculation on his own account, and that the attorney had promised to pay the petitioner $5,000 of that amount but had failed to keep his promise to do so, and praying for an "order and decree" that the attorney should pay to the petitioner $5,000 and interest and costs and, in default thereof, that he should " be punished according to law as in such cases made and provided, and for such other and further relief as" the court might " deem just and proper," is a proceeding upon the law side of the court, and upon an appeal from an order dismissing the petition questions of discretion cannot be considered.

A petition in the Superior Court, which alleges that an attorney at law, who was a member of the bar of the Commonwealth, while acting as attorney for the petitioner collected $8,000 due to the petitioner and failed to pay it over to him because, as he admitted, he had lost it in speculation on his own account, and that the attorney promised the petitioner to pay him $5,000 of that amount but failed to keep his promise, and which prays for an "order and decree" that the attorney shall pay to the petitioner $5,000 and interest and costs and, in default thereof, that he shall "be punished according to law as in such cases made and provided, and for such other and further relief as" the court may " deem just and proper," is not recognized by the statutes as an authorized proceeding for the collection of such a debt, and, while the court, as a part of its power of regulation of the conduct of its own officers, might make an order for the payment into court of money collected by an attorney and not paid over, and might punish the attorney for contempt if he disobeyed the order, the making of such an order would be an exercise of discretion, from a refusal to exercise which no appeal lies.

PETITION, filed in the Superior Court for the county of Suffolk on May 18, 1908, and supported by affidavits, against an attorney at law, alleging among other things the respondent's relation of attorney to the petitioner existed through a substantial period of time and that he was a member of the bar of the Commonwealth, that he collected as such attorney large sums of money from the petitioner's debtor and failed to pay them over to the petitioner, that he admitted to the petitioner's agents that he had lost in speculation on his own account $8,000 of the sums so collected and that he had promised to repay the petitioner $5,000 and had failed to do so though some years had elapsed. The prayers of the petition are quoted in the opinion.

An order of notice was issued to the respondent to appear on May 27, 1908, and " show cause, if any, why said petition should not be granted."

The respondent demurred, specifying as grounds of demurrer an adequate remedy at law and want of equity. The demurrer was heard by *Dana*, J., who filed a memorandum, containing the following rulings:

" The demurrer must be overruled, for it is not sustainable upon the grounds stated therein. The petition is not a petition in equity, and is not objectionable, therefore, as failing of equity.

" The court is of the opinion, however, that the granting of the prayer of the petition is not a matter of right, but of discretion, and that the court in conformity with its past practice, must refuse to entertain jurisdiction of the petition. A counsellor at law may be disbarred for misappropriation of his client's funds, is liable to a forfeit of five times the interest thereon for failure to pay over the same upon demand, and upon arrest upon execution is not entitled to the benefit of the poor debtor's oath. It seems accordingly, to the court, that the client will be amply protected, if he is confined to his present usual method of redress; and the public interests are fully provided for by disbarment proceedings.

" It is true, that, in England, and in some other jurisdictions, a different rule prevails; but it has never been the rule here; and, after consultation with my associates, I am of the opinion that the prior practice of the court should be adhered to. . . .

Here there has been no suit at law, or judgment, or execution, or return thereon."

The demurrer accordingly was overruled, and the petition was dismissed.    The petitioner appealed.

*T. W. Proctor*, for the petitioner.

*L. L. Green*, for the respondent.

KNOWLTON, C. J.    The prayer of the petition in this case is as follows : "Wherefore, on the facts set forth in this petition, upon the affidavits and statements hereunto annexed, whereby it appears that the said Todd, while acting as attorney for your petitioner, has misappropriated and failed to pay over certain funds collected by him as such attorney, belonging to your petitioner, your petitioner prays for an order and decree of this court, ordering and directing the said Todd to pay to your petitioner, or to its attorneys in this present proceeding, the sum of $5,000 together with the interest thereon from the fifteenth day of November, 1903, and all the costs and disbursements; that, in default thereof, the said Todd be punished according to law as in such cases made and provided, and for such other and further relief as this honorable court may deem just and proper." The case comes before us on an appeal from an order dismissing the petition.    There was a hearing on a demurrer to the petition, which was overruled because it was put upon the ground that the petition was in equity and that there is no jurisdiction of such a case in equity, when in fact the proceeding is not in equity.    As this is an appeal on the law side of the court, it brings before us only questions of law.    Questions of discretion cannot be considered.    *Commonwealth* v. *National Contracting Co.* 201 Mass. 248.

Other parts of the petition, as well as the prayer, show that it was brought by a creditor in his individual interest, to collect a debt from an attorney, for money which had been collected and misappropriated by the respondent.    The statutes provide remedies for such creditors.    Not only may a suit be brought as for other debts, but the attorney is liable to pay as a forfeiture five times the interest of the money which he has unreasonably neglected to pay over, (R. L. c. 165, § 49,) and he is liable to arrest upon the execution, and is not permitted to take the oath for the relief of poor debtors.    R. L. c. 168, §§ 17, 52.

The mode of procedure adopted in this case is not recognized by the statutes as an authorized measure for the collection of such debts. ·

If the proceedings had been commenced in the interest of public justice, for the promotion of honesty and fidelity in the practice of law by attorneys as officers of the courts, there would have been sufficient reason in the facts alleged for the subjection of the respondent to discipline by the court.    R. L. c. 165, § 44.    Proceedings for the removal from the bar, or for suspension from the bar, of lawyers guilty of such misconduct, are authorized by the statutes and entertained by the courts.    But it is unusual and irregular to allow a creditor, in his own interest, to appeal to this jurisdiction of the court as a means of collecting a debt.

We assume that a court, as a part of its power of regulation of the conduct of its own officers, might make an order for the payment into court of money collected by an attorney and not paid over, and might punish the attorney for contempt if he disobeyed the order.    *Jeffries* v. *Laurie*, 27 Fed. Rep. 195.    See *In re Dudley*, 12 Q. B. D. 44.    To do this would be an exercise of discretion which the court might well refuse, leaving the public interest to be protected by proceedings for disbarment, and the interests of the creditor by proceedings of a different kind.

So far as we are aware, the discretion of the court has never been so exercised in Massachusetts, and such an exercise of it is very uncommon elsewhere.    The only case of the kind that has come to our knowledge is that cited above from a federal court.

There was no error of law in the decision of the Superior Court, and we have no power to revise its exercise of discretion.

*Judgment affirmed.*