JOSEPH M. BINNS *vs.* BOARD OF BAR OVERSEERS & another.[1]  March 15, 1976.  This is an appeal from an order of a single justice of this court allowing the defendants' motions to dismiss a bill of complaint filed by the plaintiff in the county court.  The bill of complaint was essentially intended to be an appeal from a decision of the Board of Bar Overseers (the board) dismissing a complaint filed by the plaintiff against a certain attorney.  On April 9, 1975, the plaintiff filed his complaint with the board against the attorney alleging essentially that the attorney had conspired with his client (who was the plaintiff's landlord) and a constable to serve process on the plaintiff improperly, which ultimately resulted in the unlawful eviction of the plaintiff, and the damages attendant thereon.

---

[1] A certain attorney is added as a defendant; no particular purpose will be served by identifying him by name in this opinion.

The service is alleged to have been improper in that it was made by a Boston constable in the town of Brookline, and no return or proof of service was filed in court. On August 14, 1975, the board dismissed the plaintiff's complaint. Thereafter, the plaintiff filed a bill of complaint in the county court as "an appeal" from the decision of the board. Subsequently, after hearing, the single justice allowed motions to dismiss filed by the board and the defendant attorney. There was no error. The board was established by this court in S.J.C. Rule 4:01, 365 Mass. 696 (1974), acting in accordance with its power to supervise the conduct of attorneys, and the board exists as the disciplinary arm of this court. Nowhere in the rule has provision been made for an appeal by a complainant from any decision of the board. A citizen filing a complaint with the board is not a party to any action taken against the attorney, nor are the citizen's rights jeopardized. As in the case of a criminal prosecution, the complainant may be a witness, but he may not appeal or participate as a party to the litigation. See *Whitley* v. *Commonwealth, ante,* 961 (1975). We add that, even if the right to appeal existed, the action of the single justice would clearly be correct. The plaintiff fails to state a claim on which relief may be granted.

*Order affirmed.*

*Joseph M. Binns* pro se.

*Mark A. Michelson,* for the individual defendant, submitted a brief.

*Robert J. DeGiacomo,* Bar Counsel, & *Daniel Klubock,* Assistant Bar Counsel, for the Board of Bar Overseers, submitted a brief.