THOMAS J. REY & others *vs.* RICHARD K. BROWN. December 8, 1976. This proceeding in the Superior Court "is brought to enforce rights under, and th[at] Court's jurisdiction is invoked under, [G. L.] Ch. 211, Sec. 40." In the amended "complaint" it is "request[ed], under [G. L.] Chapter 221, Sec. 40, that . . . Brown be removed from the Bar of the Courts of Massachusetts for deceit, malpractice, and gross misconduct . . .", that "a jury be empanelled to determine general and special damages to the plaintiffs" and that "an attorney be designated by the Court to conduct the proceedings . . . ." We do not disturb the judgment of the Superior Court dismissing the proceeding. Brown has been removed from the office of attorney and that aspect of the proceeding is moot. The provision of G. L. c. 221, § 40, that an attorney who is removed "shall also be liable in damages to the person injured thereby, and to such other punishment as may be provided by law" does no more than make clear that the removal of an attorney does not exempt him from civil or criminal liability. See *Randall, petitioner,* 11 Allen 473, 480 (1865). Proceedings under G. L. c. 221, § 40, are not generally appropriate as a vehicle for the collection of damages by private parties. *Goss Printing Press Co.* v. *Todd,* 202 Mass. 185, 188 (1909). *Matter of Keenan,* 313 Mass. 186, 213 (1943). Read as a whole, the amended "complaint" appears to be an information alleging misconduct of an attorney with a view to disciplinary proceedings rather than a complaint purporting to commence a civil action pursuant to Rule 3, Mass.R.Civ.P., 365 Mass. 733 (1974). Such proceedings are excluded from those made directly subject to the Massachusetts Rules of Civil Procedure. See Mass.R.Civ.P. 81(a)(3), 365 Mass. 841 (1974). One who brings such disciplinary proceedings does not have "any rights as to them." *Boston Bar Assn.* v. *Casey,* 211 Mass. 187, 192 (1912). (We intend no intimation as to the relationship between G. L. c. 221, § 40, and Supreme Judicial Court Rule 4:01, "Bar Discipline," as amended, 370 Mass. 915 [1976].)

*Judgment affirmed.*

*Thomas J. Rey,* pro se.
*George W. Gold,* for the defendant, submitted a brief.