# RESCRIPT OPINIONS.

LESTER SLOTNICK *vs.* BURTON PIKE. December 13, 1977. This is an appeal from an order of a single justice dismissing part of a proceeding seeking disciplinary action against the defendant attorney, and transferring the remainder of the proceeding to the Superior Court in the county of Suffolk. The plaintiff commenced this proceeding in the county court on March 14, 1977, pursuant to G. L. c. 221, § 40, alleging that the defendant had instituted a frivolous suit against the plaintiff for the sole purpose of intimidating him. The plaintiff sought both disciplinary action against the attorney and damages. On April 11, the single justice allowed the defendant's motion to dismiss the proceeding in so far as it sought disciplinary action, ruling that the plaintiff's recourse lay with the Board of Bar Overseers. Additionally, the single justice transferred to the Superior Court that part of the proceeding sounding in abuse of process. There was no error. General Laws c. 221, § 40, does not generally provide a vehicle for the redress of private grievances. See *Rey* v. *Brown,* 4 Mass. App. Ct. 860 (1976). In seeking disciplinary action against the defendant, the plaintiff is not properly before the court. Under S.J.C. Rule 4:01, effective September 1, 1974, 365 Mass. 696 (1974) (promulgated pursuant to the court's power to supervise attorneys, *Binns* v. *Board of Bar Overseers,* 369 Mass. 975 [1976]; *In re Keenan,* 313 Mass. 186, 204 [1943]), it is the Board of Bar Overseers and not private individuals, which is ordinarily responsible for prosecuting complaints against attorneys. "A citizen filing a complaint . . . is not a party to any action taken against the attorney, nor are the citizen's rights jeopardized. As in the case of a criminal prosecution, the complainant may be a witness, but he may not appeal or participate as a party to the litigation." *Binns* v. *Board of Bar Overseers, supra.* Cf. *In re Keenan,* 313 Mass. 186, 198 (1943); *Boston Bar Ass'n* v. *Casey,* 211 Mass. 187, 191-192 (1912). The part of the proceeding seeking damages was properly transferred to the Superior Court. The provision of G. L. c. 221, § 40, that an attorney who is removed "shall . . . be liable in damages to the person injured thereby, and to such other punishment as may be provided by law" does not in itself create a statutory cause of action. It simply makes clear that the removal of an attorney does not exempt him from civil or criminal liability. *Rey* v. *Brown, supra.* The plaintiff's rights are amply protected by the

disciplinary proceedings established under S.J.C. Rule 4:01 and by recourse to civil suit.

*Order affirmed.*

*Lester Slotnick,* pro se.
*Paul R. Schneider* for the defendant.