ELAINE M. CALLAHAN *vs.* BOARD OF BAR OVERSEERS
& others.[1]

Suffolk. December 7, 1993. - April 12, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Board of Bar Overseers. Supreme Judicial Court*, Superintendence of inferior courts. *Moot Question. Practice, Civil*, Moot case, Appeal, Frivolous action, Costs.

An individual who filed complaints regarding alleged misconduct of attorneys with the Board of Bar Overseers did not have standing to appeal to this court from the board's decision to dismiss the complaints; nor was there any remedy available to review the board's action under G. L. c. 211, § 3, or G. L. c. 249, §§ 4 and 5. [518-519]

In a civil action, no reason appeared for a single justice to have imposed requested sanctions on an attorney under the provisions of Mass. R. Civ. P. 11(a). [519]

A single justice properly dismissed a claim by an attorney seeking review of an investigation of her by the Board of Bar Overseers that had been closed without any formal proceedings, where the claim was moot. [519]

No abuse of discretion was shown in a single justice's declining to transfer a pending Housing Court action to the Supreme Judicial Court, as provided in G. L. c. 211, § 4A. [519-520]

A frivolous appeal from a single justice's dismissal of an action warranted the award of double appellate costs. [521]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 14, 1992.

The case was heard by *Abrams*, J., and a motion to reinstate and to transfer the matter for consideration by the full court was denied by *Greaney*, J.

---

[1]Bar counsel and four attorneys individually, namely: James DeGiacomo, Judith Wyman, Robert Cohen, and Sarah Fleschner (individual defendants).

The case was submitted on briefs.

*Elaine M. Callahan*, pro se.

*Scott Harshbarger*, Attorney General, & *Eric A. Smith*, Assistant Attorney General, for Board of Bar Overseers.

*Daniel J. Johnedis* for James R. DeGiacomo & another.

*Sara Fleschner* for Robert Cohen & another.

LIACOS, C.J. The plaintiff, an attorney proceeding pro se, filed this action in the county court by way of a verified complaint "in the nature of certiorari and errors and mandamus and prohibition and under M. G. L. c. 211, § 3 et al." The plaintiff's complaint sought review of certain actions taken by the Board of Bar Overseers (board) and bar counsel on complaints filed by the plaintiff with the board, regarding alleged misconduct by the individual defendants, and sought review of the board's investigation of a complaint filed with the board against the plaintiff. As with most of the documents drafted by the plaintiff and contained in the record, the complaint contained exaggerated, inflammatory, and generally confusing accusations of violations of the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law, S.J.C. Rule 3:07, as amended, by the individual defendants, and similarly inflammatory and confusing accusations of conspiracy, fraud, and bad faith investigation by bar counsel and the board. During the pendency of this action, the plaintiff moved a single justice of this court to transfer to the county court a case, then pending in the Housing Court, in which the plaintiff was involved and in which certain of the individual defendants were serving as counsel.

The single justice denied the motion for transfer and dismissed the plaintiff's complaint. Later, another single justice of this court denied the plaintiff's motion to reinstate and to transfer the case to the full court for consideration. The plaintiff now appeals, asserting various claims that we discuss below. The individual defendants have moved this court to assess fees and costs against the plaintiff for bringing a frivolous appeal. We affirm the orders of the single justices, and award double costs of this appeal to the individual defendants.

It appears from the record that the plaintiff filed with the board various complaints of professional misconduct against the individual defendants. Complaints against three of them were referred to bar counsel and subsequently were dismissed without issuance of a formal complaint. See S.J.C. Rule 4:01, § 7, as amended, 394 Mass. 1106 (1985). Complaints against DeGiacomo, a member of the board, were investigated by the board according to its procedures for investigating complaints against board members. See *id.* Ultimately, the board dismissed the complaints against DeGiacomo. DeGiacomo did not participate in the board's proceedings on those complaints.

The record further reveals that an individual, not a party to this suit, had filed a complaint with the board against the plaintiff. After an investigation by bar counsel, that complaint was dismissed without issuance of a formal complaint. A single member of the board reviewed the dismissal of the complaint on the complainant's request. The single member adopted the recommendation of bar counsel to close the matter.

The plaintiff claims that the single justice erred in dismissing the plaintiff's complaint regarding the board's and bar counsel's closing of their respective investigations of the alleged misconduct by the individual defendants. There was no error. An individual who files a complaint with the board does not have standing to appeal from the board's decision to dismiss that complaint. *Binns* v. *Board of Bar Overseers*, 369 Mass. 975, 976 (1976). See *Slotnick* v. *Pike*, 374 Mass. 822 (1977). The plaintiff cannot proceed under G. L. c. 211, § 3, because the board is not a "court[ ] of inferior jurisdiction" as described in § 3, but rather is an arm of this court. See *Binns, supra* at 976. Thus, that section is inapplicable here. So too, neither § 4 (certiorari) nor § 5 (mandamus) of G. L. c. 249 provides grounds on which the plaintiff could proceed before a single justice. See Rules 2.7 (a) (1) and 2.8 (a) of the Rules of the Board of Bar Overseers (1993). The remedies available under G. L. c. 249, §§ 4, 5, are available only to parties lacking other reasonably adequate remedies. *Com-*

*monwealth* v. *Langton*, 389 Mass. 1001, 1001-1002 (1983), and cases cited (mandamus). *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 83 (1968) (certiorari).

The plaintiff claims that the single justice erred in declining to sanction Fleschner for alleged fraud committed before the single justice. While a single justice *may* impose sanctions on an attorney in a pending matter under Mass. R. Civ. P. 11 (a), 365 Mass. 753 (1974), made applicable to single justice proceedings by Mass. R. Civ. P. 1, 365 Mass. 730 (1974), nothing in the rules *requires* the single justice to sanction an attorney at the insistence of another party. More importantly, we note that the single justice apparently found no reason to sanction Fleschner. We caution the plaintiff to avoid filing frivolous complaints against other attorneys. Such conduct may subject the plaintiff herself to disciplinary action. See S.J.C. Rule 3:07, DR 1-102 (A) (4)-(6), as appearing in 382 Mass. 769 (1981).

The plaintiff's claim regarding the board's investigation of the plaintiff properly was dismissed by the single justice. The matter was closed by the board without the issuance of a formal complaint. We assume that the board and bar counsel maintained confidentiality as required by our rules. See S.J.C. Rule 4:01, § 20, as appearing in 415 Mass. 1307 (1993). There was no harm or prejudice to the plaintiff. Thus, the plaintiff's claim is moot. See *Matter of Sturtz*, 410 Mass. 58, 59-60 (1991), and cased cited.

Finally, the plaintiff claims that the single justice erred in declining to transfer the pending Housing Court action to the Supreme Judicial Court, as provided in G. L. c. 211, § 4A. The plaintiff asserts that transfer was warranted as "a matter of judicial economy and to aid in the due administration of justice." Section 4A provides that "[t]he supreme judicial court *may* also direct any cause or matter to be transferred from a lower court to it . . ." (emphasis added). The highlighted language of the statute is clear that such transfer is discretionary with the single justice. The plaintiff's mere assertions of judicial economy and administration of justice as reasons for transfer are not persuasive. The plaintiff has not

shown an abuse of discretion by the single justice in declining to transfer the Housing Court action. There was no error.

The individual defendants have requested that we award them costs pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). The "record" submitted to us by the plaintiff reveals that this appeal is another episode in a protracted family feud between the plaintiff and her father that began after the plaintiff's mother's death. The "record" is rife with irrelevant, confusing, repetitive, and inflammatory memoranda, photographs, letters, and other documents which were haphazardly "organized" and joined by paper clips, staples, and rubber bands. For example, the plaintiff's appendix includes several versions of her résumé and copies of photographs of her father performing household chores. Many of these documents in no way are related to the issues in this appeal, except that they helped us to conclude that this appeal is frivolous.

The plaintiff sets forth arguments on which, as our citations in this opinion show, a reasonably competent attorney could not hope to prevail. Her complaint and this appeal both name the individual defendants as parties in addition to the board and bar counsel, but the plaintiff's complaint only challenged certain actions by the board and bar counsel and requests relief only as to the actions of the board and bar counsel.[2] She claims abuse of discretion by the single justice, but fails to argue any basis for us to find an abuse of discretion. Rather, she reargues her version of the "facts" which the single justice, the Housing Court judges, and the board and bar counsel all have rejected. She repeats accusations of ethical violations and criminal and professional misconduct by the individual defendants, all of which the board and bar counsel investigated and dismissed, and which were passed on and dismissed by the single justice. The only substantiation of this alleged misconduct consisted of documents prepared by the plaintiff herself.

---

[2]The plaintiff's complaint did not request that this court investigate or sanction the individual attorneys' alleged misconduct.

We hardly can characterize this appeal as anything but frivolous. See *Avery* v. *Steele*, 414 Mass. 450, 451-453 n.2, 455-457 (1993), and cases cited; *Price* v. *Cole*, 31 Mass. App. Ct. 1, 6-7 (1991). Accordingly, we conclude that the individual defendants are entitled to costs of this appeal pursuant to Mass. R. A. P. 25. We further conclude that, given the egregiousness of this case, the award of appellate costs should be doubled. G. L. c. 211, § 10 (1992 ed.). See *Avery*, *supra* at 456-457.

The plaintiff has filed motions to strike various portions of the briefs of the opposing parties. These motions are denied. The plaintiff's motion to sanction Fleschner is denied. The orders of the single justices are affirmed. The individual defendants are awarded double costs of this appeal.

*So ordered.*