ELAINE M. CALLAHAN *vs.* EASTERN BANK & TRUST COMPANY & another.[1] July 18, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Record, Appeal, Frivolous action, Costs.

The petitioner, Elaine M. Callahan, appeals from the judgment of a single justice of this court denying, without a hearing, her petition pursuant to G. L.

---

[1]George E. Donovan, special administrator of the estate of Michael J. Callahan, who died in the course of this appeal.

c. 211, § 3, and an accompanying "emergency motion to stay or vacate."[2] We affirm.

In her petition, Callahan sought a variety of relief regarding an underlying declaratory judgment action that was pending at the time in the Probate and Family Court,[3] including an order vacating certain interlocutory orders of the Probate Court; an order requiring the Probate Court judge to recuse herself; and recognition of Callahan's "right" to interpose herself in the litigation. However, Callahan's petition failed to substantiate any of these claims.

As we have repeatedly stated, it is the petitioner's obligation to "create a record — not merely . . . allege but . . . demonstrate, i.e., . . . provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [the] allegations." *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1005 (2000), quoting *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). Callahan's petition fell far short of this standard. The allegations contained in the petition are convoluted, difficult to understand, and unsupported by the submitted record. In fact, certain materials filed in the full court — which were not before the single justice — undermine Callahan's claims. In these circumstances, it is impossible to conclude that the single justice abused his discretion or made any other clear error of law in denying either the petition or the accompanying "emergency motion to stay or vacate."[4] *Id.* See *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001) ("the single justice was not required, on the limited facts before her, to grant the relief sought").

The defendant bank has requested that we award appellate costs pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). It argues that Callahan's conduct during this appeal is "strikingly similar" to her conduct in *Callahan* v. *Board of Bar Overseers*, 417 Mass. 516, 520 (1994), in which the court awarded double appellate costs to the defendants due to the frivolous nature of Callahan's appeal. We agree. Callahan's petition is rife with the same kind of "inflammatory and confusing accusations of conspiracy, fraud and bad faith" that we previously found to be frivolous. *Id.* at 517. The bank shall receive double appellate costs. See *Avery* v. *Steele*, 414 Mass. 450, 456-457 (1993).

The order of the single justice is affirmed and Eastern Bank & Trust Company is awarded double costs of this appeal.

*So ordered.*

*Elaine M. Callahan*, pro se.

*W. Sanford Durland, III*, for the defendant.

*Mary H. Schmidt & Herbert Lerman*, for the special administrator, were present but did not argue.

---

[2]The "emergency motion" was essentially duplicative of Callahan's G. L. c. 211, § 3, petition, seeking the same relief.

[3]Callahan was neither a party in the underlying action nor counsel of record for any party.

[4]We shall not consider any issues, arguments, or claims for relief that were not raised before the single justice. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998), and cases cited.