*Gerard Baldyga*, pro se.


IN THE MATTER OF A REQUEST FOR AN INVESTIGATION OF AN ATTORNEY. June 1, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Board of Bar Overseers. Practice, Civil,* Standing.

The petitioner appeals from a judgment of a single justice of this court denying his petition for relief from a decision of a member of the Board of Bar Overseers (board). The board member had concluded that the Office of Bar Counsel (bar counsel) had properly closed the file on the petitioner's complaint that an attorney with whom the petitioner had dealt had violated certain disciplinary rules. We affirm.[1]

The petitioner, a former public school teacher, was alleged to have engaged in certain improper conduct with a student. According to the petitioner, the attorney representing the student improperly gave the petitioner (who was not represented at the time) legal advice and made false statements to him of material fact or law. See Mass. R. Prof. C. Rule 4.1 (a), 426 Mass. 1401 (1998); Mass. R. Prof. C. 4.3 (b), 426 Mass. 1404 (1998). The attorney's alleged improprieties purportedly led the petitioner to resign, to admit in signed affidavits to having mistreated the student (the affidavits were prepared by the attorney and supposedly contained false information), and to make a confession to the police consistent with the affidavits. Based on those claims, the petitioner requested that bar counsel investigate whether the attorney should be disciplined. The attorney filed an answer, and the petitioner filed a response. Thereafter, bar counsel informed the petitioner that an investigation did not reveal any evidence to support his allegations that the attorney had violated any disciplinary rules and closed the file without disciplinary action. The petitioner requested review by a member of the board, as was his right. See S.J.C. Rule 4:01, § 8 (1) (a), as appearing in 425 Mass. 1309 (1997); Rule 2.7 (1) (A) of the Rules of the Board of Bar Overseers (2007). The board member reviewed the matter and concluded that bar counsel had properly closed the file: the petitioner was further informed, "This matter is closed and will remain closed."

The petitioner then filed a petition in the county court seeking further review of the board's decision, pursuant to the court's inherent power to regulate the practices of members of the bar and to provide for the proper administration of justice. See *Marino* v. *Tagaris*, 395 Mass. 397, 401 (1985). Treating the matter as a petition under G. L. c. 211, § 3, the single justice denied it. On appeal, the petitioner claims the single justice erred in treating

[1]We acknowledge the amicus brief filed by Nataly Minkina.

his petition under G. L. c. 211, § 3, and in denying his request for relief —
the petitioner had sought an order directing that the board ensure that disciplin-
ary action be brought against the attorney or for a reasoned explanation why
not. The petitioner's claims fail.

An individual who files a complaint with the board lacks standing to chal-
lenge in a court action the board's decision not to prosecute the complaint.
See *Binns* v. *Board of Bar Overseers*, 369 Mass. 975, 976 (1976). Accord
*Callahan* v. *Board of Bar Overseers*, 417 Mass. 516, 518 (1994); *Slotnick* v.
*Pike*, 374 Mass. 822 (1977). The reasoning of *Binns* is instructive:

> "The board was established by this court in S.J.C. Rule 4:01, 365
> Mass. 696 (1974), acting in accordance with its power to supervise the
> conduct of attorneys, and the board exists as the disciplinary arm of this
> court. Nowhere in the rule has provision been made for an appeal by a
> complainant from any decision of the board. A citizen filing a complaint
> with the board is not a party to any action taken against the attorney,
> nor are the citizen's rights jeopardized. As in the case of a criminal
> prosecution, the complainant may be a witness, but he may not appeal
> or participate as a party to the litigation. See *Whitley* v. *Commonwealth*,
> [369 Mass.] 961 (1975)."

*Binns* v. *Board of Bar Overseers, supra.*

No matter how the petition was framed or how it was treated by the single
justice, the critical point is that the petitioner, as a private individual, sought
to invoke this court's power of general superintendence of the bar by com-
mencing a court action seeking to undo bar counsel's decision (confirmed by
a member of the board) not to pursue his complaint. A complainant is free to
bring to the court's attention a matter of concern regarding the actions of bar
counsel or the board so that the court can decide administratively how to
handle the matter, but he or she cannot commence a judicial action challeng-
ing bar counsel's decision and seek a judicial order compelling bar counsel to
act in a certain way. There simply is no such private right of action.

*Judgment affirmed.*

*Garrick F. Cole* for the petitioner.

*James J. Arguin*, Assistant Attorney General, for Bar Counsel.

*Nataly Minkina*, pro se, amicus curiae, submitted a brief.