VALENTINA P. GORBATOVA[1] vs. JOEL M. SEMUELS (NO. 1). May 23, 2012.
*Supreme Judicial Court,* Superintendence of inferior courts. *Attorney at Law,*
Disciplinary proceeding. *Practice, Civil,* Standing.

The petitioner, Valentina P. Gorbatova, as the guardian for her husband,
Gennadiy Gorbatov, filed a petition in the county court entitled "Petition for
Disciplinary Action against Joel M. Semuels, an Attorney at Law of the Com-
monwealth of Massachusetts," and numerous related motions. Semuels, acting
in his capacity as a hearing officer for the Executive Office of Elder Affairs,
had conducted an administrative hearing and issued a final decision reducing
home care services to the petitioner's husband. The petitioner sought disciplinary
action against Semuels for his conduct during the administrative hearing,
claiming that in the course of acting as the hearing officer he had violated
numerous provisions of the Rules of Professional Conduct, S.J.C. Rule 3:07,
as appearing in 426 Mass. 1303 (1998). Treating the petition as one filed
pursuant to G. L. c. 211, § 3, the single justice determined that the petitioner
did not establish that she was entitled to extraordinary relief under the statute
and dismissed her petition. The single justice ruled, among other things, that
the petitioner did not have a private right of action. On appeal, the petitioner
does not challenge the single justice's decision in this regard.

Because the decision that there is no private right to commence a court ac-
tion to seek disciplinary action against an attorney was correct as a matter of
law, we affirm. This case is controlled by *Slotnick* v. *Pike,* 374 Mass. 822, 822
(1977), where the court affirmed a single justice's order dismissing a similar
petition, and stated:

> "In seeking disciplinary action against the defendant, the plaintiff is
> not properly before the court. Under S.J.C. Rule 4:01, [as amended]
> (promulgated pursuant to the court's power to supervise attorneys,
> *Binns* v. *Board of Bar Overseers,* 369 Mass. 975 [1976]; *[Matter of]*
> *Keenan,* 313 Mass. 186, 204 [1943]), it is the Board of Bar Overseers
> and not private individuals, which is ordinarily responsible for prosecut-
> ing complaints against attorneys. 'A citizen filing a complaint . . . is
> not a party to any action taken against the attorney, nor are the citizen's
> rights jeopardized. As in the case of a criminal prosecution, the complain-
> ant may be a witness, but he may not appeal or participate as a party to
> the litigation.' *Binns* v. *Board of Bar Overseers, supra.* Cf. *[Matter of]*
> *Keenan,* [*supra* at 198]; *Boston Bar Ass'n* v. *Casey,* 211 Mass. 187,
> 191-192 (1912)."

Because the petitioner did not have a private right of action, the single
justice did not err in dismissing the petition. It is irrelevant whether the single
justice treated it as a G. L. c. 211, § 3, petition or otherwise. "No matter how
the petition was framed or how it was treated by the single justice, the critical
point is that the petitioner, as a private individual, sought to invoke this
court's power of general superintendence of the bar by commencing a court
action [seeking attorney discipline]. . . . There simply is no such private
right of action." *Matter of a Request for an Investigation of an Attorney,* 449

---

[1]Purporting to act as guardian for her husband.

Mass. 1013, 1014 (2007). The petitioner's recourse in these circumstances is to file a complaint with the Board of Bar Overseers.[2]

*Judgment affirmed.*

*Valentina P. Gorbatova,* pro se.
*Arlene Beth Marcus* for Joel M. Semuels.


---

[2]The petitioner might first contact the Attorney and Consumer Assistance Program within the Board of Bar Overseers.