VALENTINA P. GORBATOVA *vs.* FIRST ASSISTANT CLERK OF THE SUPREME JUDICIAL COURT FOR THE COUNTY OF SUFFOLK. December 3, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Clerk of Courts. Practice, Civil,* Standing.

The petitioner, Valentina P. Gorbatova, filed a petition in the county court seeking an investigation into alleged misconduct of an assistant clerk of the court and a determination that he violated his obligations under the Code of Professional Responsibility for Clerks of the Courts. See S.J.C. Rule 3:12, as amended, 427 Mass. 1322 (1998). A single justice ordered that the petition be dismissed on the ground that there is no right to bring a private action in court to obtain discipline of a clerk. The petitioner appeals from the ensuing judgment of dismissal. We affirm.

The single justice accurately and succinctly stated the governing principles in his memorandum and order:

> "Just as a private individual cannot, in her own right, prosecute an action in court seeking professional discipline of an attorney, see *Slotnick* v. *Pike*, 374 Mass. 822 (1977), a private individual such as the petitioner cannot prosecute a court action to obtain discipline of a clerk. See also *Matter of a Request for Investigation of an Attorney*, 449 Mass. 1013 (2007), and cases cited. The petitioner is free to file a complaint with the Committee on Professional Responsibility for Clerks of the Courts, pursuant to S.J.C. Rule 3:13, [as appearing in 407 Mass. 1308 (1990),] if she has not already done so. The committee was established for this specific purpose. It is empowered to receive complaints such as this; conduct investigations and hearings of the type sought by the petitioner; dismiss, informally adjust, or otherwise dispose of complaints; pursue formal charges against a clerk if warranted; and make appropriate recommendations to the court regarding any disciplinary action to be taken. The creation of the committee did not abrogate the authority of the court in this area, but the fact remains that a private individual cannot invoke the court's authority in the manner attempted by the petitioner."

The petitioner's observation that the cases cited by the single justice involved bar discipline, and not clerk discipline, misses the mark. The same principles

that apply to the Board of Bar Overseers and the discipline of attorneys apply with equal force here. A private individual may file a complaint with the board, or in this case the Committee on Professional Responsibility for Clerks of the Courts, and may be a witness in the proceedings before the board or committee, but he or she is not a *party* to the disciplinary process. It is the board that is responsible for prosecuting complaints against attorneys, and the committee that is responsible for prosecuting complaints against clerks. There is no private right to operate the disciplinary process. In addition to the cases cited by the single justice, see *Gorbatova* v. *Semuels (No. 1)*, 462 Mass. 1012 (2012).[1,2]

*Judgment affirmed.*

*Valentina P. Gorbatova*, pro se.

*Douglas S. Martland*, Assistant Attorney General, for the defendant.

[1]The petitioner alleges for the first time on appeal that she attempted to file a complaint with this court's Advisory Committee on Ethical Opinions for Clerks of the Courts, see S.J.C. Rule 3:14, as appearing in 407 Mass. 1309 (1990), but that the committee refused to accept her complaint. The advisory committee is not the entity responsible for investigating complaints against clerks of court. The correct place to file a complaint is the committee to which the single justice directed her, the Committee on Professional Responsibility for Clerks of the Courts.

[2]The petitioner also claims that, as a pro se litigant, she is entitled to an indulgent reading of her papers. That is correct. That does not mean, however, that she is entitled to bring a claim where none exists. It also does not mean that she is free to file cases without complying with the applicable rules of court. See *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't*, 417 Mass. 183, 184 (1994); *Mmoe* v. *Commonwealth*, 393 Mass. 617, 619-620 (1985); *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 847 (1983). She has not filed a record appendix in this case; also, her brief is devoid of appropriate citations to the record and, for the most part, adequate appellate argument. She is on notice that future filings suffering from like deficiencies may subject her to sanctions, including denial of oral argument and, possibly, the striking of her brief and dismissal of her appeal.