NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11559


        IN THE MATTER OF THE PETITION OF DEWOE W. SMALLWOOD.



                    December 19, 2014.



Supreme Judicial Court, Superintendence of inferior courts.
    Commission on Judicial Conduct.  Judge.



        Dewoe W. Smallwood appeals from a judgment of a single
justice of this court dismissing his petition under G. L.
c. 211, § 3.  The case arises from a longtime dispute between
Smallwood and his former girlfriend concerning ownership of
certain real property.  In 1997, Smallwood's former girlfriend
commenced a civil action against him in the Superior Court,
apparently culminating in the sale of the property.  A final
judgment appears to have entered in that case in 2011.
Smallwood then commenced this action in the county court in
2013, seeking extraordinary relief pursuant to G. L. c. 211,
§ 3.  He recounted several rulings that the Superior Court
judges had made against him in the underlying action.  He also
stated that, in the course of those proceedings, he had filed
complaints with the Commission on Judicial Conduct (commission)
against certain judges who had made those adverse rulings, but
that the commission declined to proceed against the judges named
therein.  We affirm the judgment of the single justice denying
extraordinary relief in these circumstances.

        1.  As to the commission's decisions not to proceed on
Smallwood's complaints, the single justice succinctly and
correctly ruled that, just as there is no private right of
action to obtain discipline of an attorney, see Matter of a
Request for an Investigation of an Attorney, 449 Mass. 1013,
1014 (2007), or of a court clerk, see Gorbatova v. First Ass't
Clerk of the Supreme Judicial Court for the County of Suffolk,
463 Mass. 1019, 1020 (2012), there is no private right of action

to obtain discipline of a judge.  The reasoning in those cases applies with equal force here:  although an individual may file a complaint with the commission and may be a witness in commission proceedings, he or she is not a party in the commission proceeding, and nothing in the commission's rules or elsewhere in our law authorizes an appeal (or other judicial review) by a private individual from any decision of the commission.  Cf. Matter of a Request for an Investigation of an Attorney, supra, quoting Binns v. Board of Bar Overseers, 369 Mass. 975, 976 (1976); Gorbatova v. First Ass't Clerk of the Supreme Judicial Court for the County of Suffolk, supra.

2.  As to Smallwood's request for review of the entire record of the Superior Court proceedings, the single justice was well within his discretion in declining to exercise the court's superintendence power.  "Relief pursuant to G. L. c. 211, § 3, is extraordinary. . . . A petitioner seeking relief under the statute 'must "demonstrate both a substantial claim of violation of [his] substantive rights and error that cannot be remedied under the ordinary review process."'  McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995), quoting Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990)."  Black v. Commonwealth, 459 Mass. 1003, 1003 (2011).  Our superintendence power is not "a substitute for the normal appellate process or . . . an additional layer of appellate review after the normal process has run its course," Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005), nor should it be used to revive appellate remedies that the petitioner has failed to pursue.  See Foley v. Lowell Div. of the Dist. Court Dep't, 398 Mass. 800, 802 (1986) ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied").  Here, all of Smallwood's claims of error in the Superior Court proceedings could have been raised in the ordinary appellate process.[1]  The single justice therefore did not err or abuse his discretion in dismissing his petition under c. 211, § 3.

Judgment affirmed.

---

[1] The Superior Court docket indicates that Smallwood has filed notices of appeal at various times.  It is unclear whether he took the necessary additional steps pursuant to Mass. R. A. P. 9, as amended, 417 Mass. 1601 (1994), and Mass. R. A. P. 10, as amended, 430 Mass. 1605 (1999), to perfect the appeal.  The Superior Court docket further indicates that there was a motion to dismiss Smallwood's appeal for lack of prosecution and that the motion was allowed.

<u>Njoroge Kamau</u> for Dewoe W. Smallwood.