NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11673

IN THE MATTER OF THE DISCIPLINE OF AN ATTORNEY.


December 23, 2014.


Attorney at Law, Disciplinary proceeding. Practice, Civil, Intervention, Moot case. Moot Question.


Gregory Langadinos filed a motion in the county court seeking to intervene in a bar discipline proceeding claiming that the individuals involved in the proceeding, including assistant bar counsel, the attorney who was the subject of the proceeding, the attorney's counsel, and the witnesses, engaged in a conspiracy to "vilify" him. Langadinos is a former employee of the attorney. He also claims that he is a former client, and that, among other things, the attorney sought to blame the attorney's own wrongdoing, which was the basis for the disciplinary proceeding, on Langadinos. A single justice denied the motion to intervene, and Langadinos appeals. We affirm.

Because the bar discipline proceeding in which Langadinos sought to intervene is now concluded, his appeal is moot.[1] See Rasten v. Northeastern Univ., 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even if we were to consider the appeal on the merits, we would not disturb the single justice's ruling. Langadinos claims that he has a right to intervene pursuant to Mass. R. Civ. P. 24 (a) and (b), 365 Mass. 769 (1974). The rules of civil procedure, however, do not apply in bar discipline proceedings. See Mass. R. Civ. P. 81 (a) (1), as amended, 450 Mass. 1405 (2008). Furthermore, the rule that does apply, S.J.C. Rule 4:01, does not contemplate intervention by a private individual, and Langadinos has no right to be a party to

---

[1] The attorney was suspended from the practice of law for six months and one day.

the bar discipline proceedings.  Cf. <u>Matter of the Petition of Smallwood</u>, <u>ante</u>    (2014) (private individual may file complaint with Commission on Judicial Conduct and may participate as witness in commission proceeding but is not party); <u>Gorbatova</u> v. <u>First Assistant Clerk of the Supreme Judicial Court for the County of Suffolk</u>, 463 Mass. 1019 (2012) (private individual may file complaint with Board of Bar Overseers and participate as witness in board proceeding but is not party); <u>Matter of a Request for an Investigation of an Attorney</u>, 449 Mass. 1013, 1014 (2007) (private individual cannot commence judicial action challenging bar counsel's decision not to pursue complaint against attorney).

<u>Order denying motion to intervene affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Gregory Langadinos</u>, pro se.