NOTICE:   All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11750


IN THE MATTER OF JAY EDWARD SIMKIN.



April 29, 2015.



Supreme Judicial Court, Superintendence of inferior courts.
     Board of Bar Overseers.  Practice, Civil, Standing.


     Jay Edward Simkin filed a petition in the county court
alleging that certain attorneys had committed breaches of the
rules of professional conduct in connection with proceedings
involving the revocation and reinstatement of his license to
carry firearms.  He requested that this court enter findings to
that effect, which, he claimed, would lead to bar counsel's
reconsideration of her decision not to pursue his complaints
against the attorneys.  The record indicates that the Board of
Bar Overseers (board) reviewed bar counsel's decision not to
take further action.  A single justice denied Simkin's petition
without a hearing, reasoning that an "individual who files a
complaint with the board lacks standing to challenge in a court
action the board's decision not to prosecute the complaint."
Simkin appeals.[1]

     The single justice properly denied relief because,
regardless of the mechanism employed, a private individual
cannot prosecute a judicial action for attorney discipline.
"There simply is no such private right of action."  Matter of a
Request for an Investigation of an Attorney, 449 Mass. 1013,

----

[1] Simkin filed a memorandum and appendix pursuant to S.J.C.
Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule does
not apply here because Simkin's petition does not challenge an
"interlocutory ruling in the trial court."  Id.  It is evident
from his submission and from the papers in the county court,
however, that he has no standing to maintain the action.

1014 (2007) (complainant may not "commence a judicial action challenging bar counsel's decision and seek a judicial order compelling bar counsel to act in a certain way"). That is essentially what Simkin seeks to accomplish here. He filed complaints with the board, as was his right; bar counsel investigated but declined to pursue them; and, after review, the board determined not to proceed. Simkin has no further standing in the matter. See id. See also Ellis, petitioner, 460 Mass. 1020, 1021 (2011).

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Jay Edward Simkin, pro se.