NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12643

TAKIYAH D. WHITE  vs.  CHIEF JUSTICE OF THE BOSTON MUNICIPAL COURT.

July 12, 2019.


Supreme Judicial Court, Superintendence of inferior courts. Clerk of Court.  Trial Court.  Boston Municipal Court.


The petitioner, Takiyah D. White, raises allegations of misconduct by an assistant clerk-magistrate of the Boston Municipal Court, who presided over a small claims proceeding to which White was a party.  She further alleges that her efforts to lodge a complaint about the alleged misconduct were flatly refused by court staff.[1]  White subsequently raised her concerns with the respondent, the Chief Justice of the Boston Municipal Court, in a document entitled, "Petition for Removal:  Clerk-Magistrate."  The Chief Justice responded with a letter in which he "decline[d] to exercise [his] authority to pursue th[e] matter further or to grant the relief [sought]."[2]

_____

[1] In her brief, White alleges that she was informed by a supervisor that "you can't file a complaint against a Clerk-Magistrate" (emphasis added).  It is unclear whether this statement, if made, was intended as a refusal to "docket" the complaint in the small claims matter or an outright refusal to accept and process the complaint.  In any event, White appears to have left the court house under the impression that there was no process in place for submitting such a complaint.

[2] While the request was before the Chief Justice, White also exercised her right of appeal in the small claims case, which resulted in a trial before a judge and a judgment that was largely in her favor, vacating the assistant clerk-magistrate's

White then sought relief in the county court, by filing a document entitled, "Abuse of Authority:  Judicial Misconduct," which she later amended in two documents she referred to as "amended complaints."  The single justice denied relief, treating the filings as a petition for extraordinary relief pursuant to G. L. c. 211, § 3, and later denied a motion for reconsideration.  Although we affirm the single justice's judgment denying relief under G. L. c. 211, § 3, we take this opportunity to clarify the process for lodging complaints against clerks and assistant clerks pursuant to S.J.C. Rule 3:13, as appearing in 471 Mass. 1301 (2015).[3]

Discussion.  1.  The responsibilities of a clerk-magistrate in the Boston Municipal Court.  In Matter of Powers, 465 Mass. 63, 66-69 (2013), this court discussed in detail the responsibilities of a clerk-magistrate of the District Court, who has been appointed by the Governor, with the advice and consent of the Governor's Council, pursuant to G. L. c. 218, § 8.  Generally speaking, the same duties apply to a clerk-magistrate of the Boston Municipal Court.  As pertinent here, these duties include "substantial adjudicative responsibilities," one of which is to decide small claims cases "commenced under G. L. c. 218, §§ 21 and 22, where $7,000 or less is at issue."  Matter of Powers, supra at 66.  See G. L. c. 218, § 21, fifth par.  Also relevant here, clerk-magistrates have the power to appoint staff, including assistant clerk-magistrates, to assist them in their duties.  See Matter of Powers, supra at 67; G. L. c. 211B, § 10B (a).  In this case, the small claims matter to which White was a party was adjudicated in the first instance by an assistant clerk-magistrate.

_____

judgment and monetary award against her.  The judge, like the assistant clerk-magistrate, also dismissed White's counterclaim.

[3] The rule is phrased in terms of "clerks" and "assistant clerks," which terms are defined to include a number of different positions within the Trial Court, including clerk-magistrates and assistant clerk-magistrates, respectively.  See S.J.C. Rule 3:13 (1), as appearing in 471 Mass. 1301 (2015), discussed infra.  For purposes of this opinion, when discussing the rule, we will use the terms "clerks" and "assistant clerks" as they are defined therein.  Where our discussion is limited to a specific role, such as that of a clerk-magistrate or an assistant clerk-magistrate, we refer to that role directly.

More generally, because of their many interactions with the public, we have referred to clerk-magistrates as "the face of the District Court." Matter of Powers, 465 Mass. at 68. In this capacity, they (and their staff) are often called upon to provide "information (as opposed to legal advice) to persons seeking . . . relief from the court as to how the court system works, what they need to file, and how to complete court forms." Id., citing Supreme Judicial Court Steering Committee on Self-Represented Litigants, Serving the Self-Represented Litigant: A Guide by and for Massachusetts Court Staff 3-4 (2010).

"In recognition of the vital function played by clerk-magistrates in promoting public trust in the judicial system, this court promulgated the [Code of Professional Responsibility for Clerks of the Courts, S.J.C. Rule 3:12, as amended, 427 Mass. 1322 (1998) (code)], to establish the 'high standards' governing the 'norms of conduct and practice' associated with the clerk's office." Matter of Powers, 465 Mass. at 68-69, quoting State Bd. of Retirement v. Bulger, 446 Mass. 169, 177-178 (2006). This code also governs the conduct of assistant clerk-magistrates. See S.J.C. Rule 3:12, Canon 1 (2013).

2. The process for complaints involving clerks and assistant clerks. Complaints against clerks and assistant clerks are governed by S.J.C. Rule 3:13, as appearing in 471 Mass. 1301 (2015). Subsection (1) of the rule contemplates that individuals, presumably including members of the public served by the courts, may lodge "[c]omplaints against a court Clerk, Clerk Magistrate, Register or Recorder (hereinafter Clerk), and against an Assistant Clerk, Assistant Clerk-Magistrate, Assistant Register, Deputy Recorder, Judicial Case Manager, and Assistant Judicial Case Manager (hereinafter Assistant Clerk)." The rule then lists the broad categories of complaints that are covered by the rule, including, among other things, "any conduct that constitutes a violation of [the code appearing at] S.J.C. Rule 3:12."

Once a complaint is lodged, the process differs for clerks and assistant clerks. Under S.J.C. Rule 3:13 (2), complaints involving Trial Court clerks "shall be referred to their respective Chief Justice who shall investigate and impose discipline as appropriate," subject to subsection (4) of the rule, which describes the role of the Trial Court Committee on Professional Responsibility for Clerks of the Courts in adjudicating appeals by a clerk from discipline imposed by a Trial Court chief justice, or in adjudicating in the first

instance complaints referred to the committee by a Trial Court chief justice.

With respect to assistant clerks, such as the assistant clerk-magistrate who presided over White's small claims matter, S.J.C. Rule 3:13 (3) provides that "[c]omplaints shall be governed by the provisions of the Trial Court Personnel Policies and Procedures Manual [(Jan. 7, 2013) (manual)]."[4]  To date, the manual does not contain any process specific to complaints by a member of the public against a clerk or assistant clerk for violations of the code of professional responsibility.  Instead, by default, such matters appear to be governed by the general provisions on "rules and discipline" contained in section 16.000 of the manual.  As pertinent here, section 16.200 of the manual states:

> "Before instituting disciplinary action, an appointing authority (or designee)[5] should appropriately investigate whether such discipline is warranted.  Depending upon the circumstances, such investigation may include reviewing documents, speaking with witnesses, or seeking specialized assistance (such as a financial audit for missing funds).  . . .  Based upon this investigation, the appointing authority may conclude that no discipline is warranted, that informal discussion with the employee is sufficient, or that a formal disciplinary procedure should commence."

The procedures for formal disciplinary proceedings are set forth in subsequent sections of the manual.

Notably, beyond the implied right of a member of the public to lodge a complaint, S.J.C. Rule 3:13 does not create any private right for an individual to enforce the code or to compel a trial court to investigate a complaint, as White attempts to do here.  See Gorbatova v. First Assistant Clerk of the Supreme

---

[4] This manual is publicly available at https://www.mass.gov /guides/trial-court-personnel-policies-procedures-manual [https://perma.cc/2SKM-EEMF].

[5] In the case of an assistant clerk, the "appointing authority" is the clerk of the particular court where the assistant clerk works.  See G. L. c. 211B, § 10B (a). Information about the organization of the various courts within the Massachusetts court system is available at https://www .mass.gov/orgs/massachusetts-court-system [https://perma.cc /78U8-N75H].

<u>Judicial Court for the County of Suffolk</u>, 463 Mass. 1019, 1019 (2012) (holding that there is "no right to bring a private action in court to obtain discipline of a clerk").[6]  Thus, a private individual like White may lodge a complaint against a clerk or assistant clerk, but he or she does not thereby become a party to the disciplinary process and, significantly, has no standing to prosecute a court action to compel the discipline.[7]

Moreover, nowhere in S.J.C. Rule 3:13 (or in the manual) is a member of the public informed how to lodge a complaint against a clerk or assistant clerk.  Indeed, this lack of guidance appears to have caused substantial confusion and frustration in this case, and understandably so.  In our view, S.J.C. Rule 3:13 contemplates that an individual may lodge a complaint by sending a letter to the chief justice or to the clerk of the particular court involved, to the Chief Justice of the Trial Court, or to the Court Administrator.[8]  At that point, complaints involving clerks "shall be referred to their respective Chief Justice" for review, while complaints involving assistant clerks "shall be governed by the provisions of [the manual]."  S.J.C. Rule 3:13 (2), (3). Under the current version of the manual, complaints against an assistant clerk would be referred to the clerk of the relevant court (or a designee) for review and investigation.

---

[6] Although S.J.C. Rule 3:13, the rule governing clerk discipline, was amended in 2015, after we decided the <u>Gorbatova</u> case, nothing in the amended rule changes our previous holding.

[7] Prior to 2015, S.J.C. Rule 3:13 required notice to a "complainant" at certain points in the process, but these provisions were removed when the process was restructured to allow the Trial Court to handle complaints against assistant clerks internally, in accordance with its own policies and procedures.  Under the current rule, it is left to the discretion of the Trial Court whether to provide any notice to members of the public about the disposition of such a complaint.  As discussed <u>infra</u>, we encourage the Committee on Professional Responsibility for Clerks of the Courts to explore whether further amendments to the rule might be appropriate to address this issue.

[8] Of course, nothing prevents the Trial Court from establishing additional methods to receive complaints, either orally or in writing.

3. Referral to the Committee on Professional Responsibility for Clerks of the Courts. The 2015 amendments to S.J.C. Rule 3:13 brought about a significant change in the manner in which complaints against clerks and assistant clerks are processed. As we approach the five-year anniversary of that rule change, it is appropriate to take stock of whether, in practice, the rule is fulfilling the needs of the court system and the public that it serves. We therefore ask the Chief Justice of the Trial Court and the Court Administrator, as the permanent members of the Committee on Professional Responsibility for Clerks of the Courts, to review S.J.C. Rule 3:13, in consultation with designated court clerks, and to propose any amendments that they deem appropriate. In particular, we ask them to consider whether the rule provides adequate instruction to members of the public about how to lodge a complaint -- including whether the creation of a standard form would assist in clarifying the process -- and whether the rule should establish baseline requirements for providing notice to such individuals about the disposition of their complaint. We ask the Chief Justice and Court Administrator to report on their review to the Supreme Judicial Court Rules Committee no later than December 31, 2019.

4. Review under G. L. c. 211, § 3. "We review a decision of the single justice denying relief under G. L. c. 211, § 3, only for 'clear error of law or abuse of discretion.'" Commonwealth v. Bertini, 466 Mass. 131, 137 (2013), quoting Caggiano v. Commonwealth, 406 Mass. 1004, 1005 (1990). As discussed supra, White lacks standing "to bring a private action in court to obtain discipline of a clerk." Gorbatova, 463 Mass. at 1019. Procedurally speaking, it is of little import "how the [complaint] was framed or how it was treated by the single justice." Matter of a Request for an Investigation of an Attorney, 449 Mass. 1013, 1014 (2007). The determinative point is that "[t]here is no private right to operate the disciplinary process." Gorbatova, supra at 1020. See Matter of the Petition of Smallwood, 470 Mass. 1018, 1019 (holding that there is "no private right of action to obtain discipline of a judge"); Matter of a Request for an Investigation of an Attorney, supra (holding that there is no private right of action to obtain discipline of attorney).

Conclusion. The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed.

So ordered.

Takiyah D. White, pro se.

Robert L. Quinan, Jr., Assistant Attorney General, for the respondent.