Romanus Elgbe, pro se, submitted a brief.

JUDITH A. DRISCOLL *vs.* T.R. WHITE COMPANY, INC. March 25, 2004. *Supreme Judicial Court,* Superintendence of inferior courts. *Corporation,* Representation in judicial proceedings. *Practice, Civil,* Default.

Judith A. Driscoll appeals from the decision of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3.

We gather from the record that, at relevant times, Driscoll was the president and sole shareholder of Newbury Constructors Inc. (Newbury), which had a public construction subcontract with T.R. White Company, Inc. (T.R. White). T.R. White filed a complaint in the Superior Court alleging that Newbury had breached the subcontract. Although not an attorney, Driscoll attempted to ap-

---

[1] As managing agents for Wellspring House, Inc.

pear on behalf of Newbury throughout the proceedings, and filed an answer, with counterclaims, signed only by herself. After giving Driscoll time to obtain counsel who could file a proper responsive pleading on behalf of a corporation, the Superior Court judge entered a default judgment against Newbury. Driscoll then sought to vacate the default, claiming that she was the assignee of Newbury's counterclaims against T.R. White.[1] The judge denied her motion to vacate and Driscoll filed a notice of appeal. On T.R. White's motion, the judge ordered the notice of appeal struck because Driscoll "is not an attorney capable of or allowed to represent a corporation." The judge also ordered that "[t]he Clerk of Court is instructed to reject all future filings . . . in this case . . . as Ms. Driscoll is *not* an attorney." When Driscoll attempted to appeal this order, the clerk's office allegedly refused to accept her notice of appeal.

This court's extraordinary powers under G. L. c. 211, § 3, are reserved for circumstances where there is no adequate, alternative remedy. *Sinai* v. *Plymouth Div. of the Probate & Family Court Dep't*, 425 Mass. 1021, 1021 (1997) (petitioner's obligation is to "demonstrate the absence or inadequacy of other remedies"). We recognize, however, that the striking of Driscoll's notice of appeal, and the clerk's refusal to accept any further filings (pursuant to the judge's express order to the clerk), rendered any further attempts to obtain review futile and have precluded Driscoll from obtaining appellate review of her claim that her status as alleged assignee allows her to defend claims against Newbury. We, therefore, turn to the merits of her petition.

Driscoll's theory that she can, without counsel, challenge the default judgment because she is Newbury's assignee is meritless. The law in Massachusetts is clear. "[C]orporations must appear and be represented in court, if at all, by attorneys." *Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79, 82 (1988). Driscoll cannot change this well-established rule by contract. Whatever her status with relation to Newbury's counterclaims against White, she cannot defend Newbury from claims brought or challenge judgments entered against it. As such, the entry of default judgment against Newbury, when Newbury failed to file any responsive pleading signed by an attorney, was proper. The single justice properly denied the relief requested in Driscoll's petition.

*Judgment affirmed.*

*Judith A. Driscoll*, pro se.
*John J. McNamara* (*Brendan M. O'Rourke* with him) for the defendant.


---

[1]Newbury purported to execute an assignment to Driscoll of "any and all claims and causes of action it has, or may have, against T.R. White Co., Inc.," and consented to Driscoll's "prosecuting" the claims against T.R. White. Newbury also agreed that "it alone will be liable to T.R. White Co., Inc., for any judgments and/or claims awarded against Newbury" and sought to indemnify Driscoll for "any liability that may arise against Newbury."