JOHN W. BAKER & another[1] *vs.* BONNIE HOBSON & others.[2]

No. 02-P-1473.

Plymouth. February 18, 2004. - December 10, 2004.

Present: ARMSTRONG, C.J., PERRETTA, & SMITH, JJ.

*Practice, Civil,* Interlocutory appeal, Appeal, Motion to dismiss, Attorney's fees. *"Anti-SLAPP" Statute.*

This court dismissed interlocutory cross appeals from rulings on a special motion to dismiss brought pursuant to G. L. c. 231A, § 59H (the so-called anti-SLAPP statute), in a property dispute matter, where in the circumstances before the court (i.e., where litigation among the parties remained pending no matter the outcome of any interlocutory appeal, and thus the appeals were not final in their execution), the interlocutory appeals violated the well-established policy disfavoring piecemeal appellate review while doing little to further the intent and purpose of § 59H. [661-664]

CIVIL ACTION commenced in the Superior Court Department on October 17, 2001.

A special motion to dismiss was heard by *Barbara J. Rouse,* J.

*Robert H. D'Auria* for the plaintiffs.
*Brian K. Bowen* for the defendants.

PERRETTA, J. These cross appeals arise out of a property dispute and present the question whether there is a right to an interlocutory appeal from rulings on a special motion to dismiss brought pursuant to G. L. c. 231A, § 59H (commonly known as the anti-SLAPP statute), where additional counterclaims remain open and litigation is pending. Concluding that the interlocutory appeals in the circumstances before us violate the well-established policy disfavoring piecemeal appellate review while doing little to further the intent and purpose of § 59H, we dismiss the appeals.

---

[1]Susan Baker
[2]John Hobson and Virginia Hutton, Bonnie Hobson's mother.

1. *The underlying controversy.* We take the facts as set out in the Superior Court judge's memorandum of decision. The Bakers own several pieces of property situated on Clark's Island (Island) in Plymouth. They operate a tree farm on certain of their lots located on the northern part of the Island. The Hobsons also own lots on the Island, three of which are situated adjacent to lots owned by the Bakers on the southern part of the Island. Bonnie Hobson also owns an oceanfront lot, lot 22, situated on the northern part of the Island and surrounded on three sides by lots owned by the Bakers.

At some point after acquiring their northern lots, the Bakers built a wall that blocked the Hobsons' usual route to lot 22. The Hobsons, after discovering that a dirt road had been cut across lot 22, served, posted, and recorded a Notice to Prevent Acquisition Easements in that lot by the Bakers. They also sent the Bakers a notice forbidding any trespass over lot 22.

2. *The procedural history.* On October 17, 2001, less than a month after receiving the Hobsons' notices, the Bakers brought a two-count complaint against the three defendants seeking to abate alleged trespasses over their property and to enjoin interference with their right to use and to travel along certain pathways. The Bakers' claims were based upon factual allegations that, on numerous occasions and after having been forbidden to do so, the defendants had entered upon a portion of the Bakers' property that was outside a way commonly used by residents of the Island and had "engaged in a systematic pattern of harassment of [the Bakers by] blocking [the Bakers'] passage on the pathways over which [the Bakers claim] a right to pass."

All the defendants answered the complaint, essentially denying the Bakers' allegations and asserting a counterclaim alleging abuse of process and seeking a declaration pursuant to G. L. c. 231A "setting forth [their] rights with respect to said ways and said parcels." In response to the defendants' counterclaim alleging abuse of process, the Bakers brought the special motion to dismiss.

The judge allowed the motion as to the Hobsons' abuse of process counterclaim but denied it as to Hutton's same counterclaim, thereby leaving in place Hutton's counterclaim for abuse of process as well as the counterclaim in which all the

defendants seek declaratory relief. The judge also denied the Bakers' request for counsel fees, said request based on the allowance of their motion to dismiss the Hobsons' counterclaim.[3] As reflected in the current Superior Court docket entries, the Hobsons did not seek entry of a final judgment pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), on the ruling allowing the dismissal of their counterclaim for abuse of process.[4]

As a consequence of these rulings, we have before us (1) the Bakers' appeal from the denial of their motion to dismiss Hutton's counterclaim for abuse of process as well as the denial of their request for counsel fees based upon the allowance of their motion in respect to the Hobsons; and (2) the Hobsons' cross appeal from the dismissal of their abuse of process counterclaim.

3. *Discussion.*

"General Laws c. 231, § 59H, protects the 'exercise of [the] right of petition under the constitution of the United

---

[3]The judge's rulings were based on her conclusions that the Bakers' claim against Hutton was devoid of any factual basis and that Hutton should not have been joined as a defendant. This conclusion rests upon Bonnie Hobson's affidavit in which she states that her mother, Hutton, then eighty-three years of age, was physically incapable of walking along the Island's pathways as well as the lack of competent evidence showing that the woman claimed by the Bakers to have blocked the way was, in fact, Hutton. The judge also concluded that the Bakers' action against Hutton caused her injury, that is, the cost she incurred in defending against the Bakers' allegations. As for her ruling denying the Bakers' request for counsel fees, the judge explained that her denial was based upon the fact that the Bakers had failed to "differentiate" among the three defendants the fees incurred.

[4]Rule 54(b) provides in relevant part:

"When more than one claim for relief is presented in an action, whether as a claim [or] counterclaim . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or any other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

States or of the [C]ommonwealth,' by creating a procedural mechanism, in the form of a special motion to dismiss, for the expedient resolution of so-called 'SLAPP' suits. Although it is true that '[t]he typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects,' *Duracraft Corp.* v. *Holmes Prods. Corp.*, [427 Mass. 156,] 161 [1998], the statute provides broad protection for other petitioning activities as well. See *id.* at 162-163 ('In [G. L. c. 231, § 59H,] as enacted, the Legislature . . . did not address concerns over its breadth and reach, and ignored its potential uses in litigation far different from the typical SLAPP suit'). See also *McLarnon* v. *Jokisch*, 431 Mass. 343, 347 (2000). It is not necessary that the challenged activity be motivated by a matter of public concern. See *Duracraft Corp.* v. *Holmes Prods. Corp.*, *supra* at 164." (Footnote omitted.)

*Office One, Inc.* v. *Lopez*, 437 Mass. 113, 121-122 (2002).

In *Fabre* v. *Walton*, 436 Mass. 517, 520-522 (2002), consistent with the legislative intent and purpose of § 59H, and the well-established rule against "piecemeal review of trial rulings that do not represent final dispositions on the merits," the court held:

"[T]he *denial* of a special motion to dismiss interferes with rights in a way that cannot be remedied on appeal from the final judgment. The protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process. Accordingly, we hold that there is a right to interlocutory appellate review from the *denial* of a special motion to dismiss filed pursuant to the anti-SLAPP statute." (Emphasis supplied.)

This conclusion, that an interlocutory appeal could be taken from the denial of a § 59H motion, was based upon the reasoning that the denial of such a motion fell within the scope of the doctrine of present execution, which allows an interlocutory appeal from an order that interferes with rights that cannot be remedied on an appeal from a final judgment, such as immunity from suit. *Ibid.*

*Fabre*, however, did not involve an interlocutory appeal where litigation among the parties remained pending no matter the outcome of any interlocutory appeal. Had the defendant in *Fabre* not been granted an interlocutory appeal, she would have been required to bear the burden of defending against the sole count set out in the plaintiff's complaint, abuse of process, and would have lost the immunity from suit provided by § 59H. Consequently, the denial of the defendant's § 59H motion was there final in its execution and not disruptive of the policy disfavoring interlocutory appeals.

The case before us presents a far different situation. Even were we to consider the Bakers' appeal from the denial of their motion to dismiss Hutton's counterclaim for abuse of process and conclude in their favor, the counterclaim filed by the three defendants under G. L. c. 231A would remain open. Consequently, any decision by us in favor of the Bakers would not resolve the defendants' suit against the Bakers quickly and with minimum cost. See *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. at 161. No matter the outcome of any interlocutory appeal by the Bakers, they must still engage in litigation on the defendants' counterclaim under G. L. c. 231A.

As for the Hobsons' interlocutory cross appeal from the *allowance* of the Bakers' motion to dismiss their counterclaim for abuse of process, we need say no more than that ruling is not final in its execution. See *Fabre* v. *Walton*, 436 Mass. at 521-522; *Metzler* v. *Lanoue*, *ante* 655, 657-658 (2004). Compare *Baker* v. *Parsons*, 434 Mass. 543, 548 (2001) (plaintiff's appeal from allowance of defendants' § 59H motion to dismiss complaint not interlocutory where defendants thereafter voluntarily dismissed counterclaims and final judgment entered). They are free to argue on any appeal from a final judgment against them on their counterclaim for abuse of process that it should not have been dismissed pursuant to § 59H, or that they were entitled to a directed verdict or judgment notwithstanding the verdict pursuant to Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974), or Mass.R.Civ.P. 50(b), as amended, 428 Mass. 1402 (1998).[5]

Moreover, and after the dust has settled, the Bakers' claim for

---

[5]We note in passing that had we concluded that the Bakers had a right to an interlocutory appeal, we might, in the interest of judicial economy, have then

counsel fees based upon the allowance of their motion as to the Hobsons' counterclaim can be taken up after entry of a final judgment. See *Office One, Inc.* v. *Lopez,* 437 Mass. at 126. See also G. L. c. 231, § 6F.

4. *Conclusion.* It follows from what we have said that because the Bakers' and the Hobsons' cross appeals are far from final in their execution and because there was no certification pursuant to rule 54(b), the cross appeals are interlocutory and not properly before us. The parties' respective requests for appellate counsel fees are denied.

*Appeals dismissed.*

also considered the Hobsons' cross appeal. However, that is not the case before us.