JAY PATRICK MELLEN *vs.* GEORGE PERGANTIS. December 14, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Summary Process.*

Jay Patrick Mellen appeals from a judgment of a single justice of this court denying his petition for relief from an adverse ruling in a summary process action in the District Court Department. The single justice treated the petition as one brought pursuant to G. L. c. 211, § 3, to which Mellen makes no objection. Mellen has filed a brief that contains much information and argument, but he does not appear to challenge the action of the single justice. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). With respect to the underlying judgment in the summary process action, Mellen was entitled to an appeal to the Appellate Division of the District Court. See G. L. c. 231, § 108. Accordingly, relief under G. L. c. 211, § 3, is not available. See *Driscoll* v. *T.R. White Co.*, 441 Mass. 1009, 1010 (2004) ("This court's extraordinary powers under G. L. c. 211, § 3, are reserved for circumstances where there is no adequate, alternative remedy").

*Judgment affirmed.*

*Jay Patrick Mellen*, pro se.

JAY PATRICK MELLEN *vs.* LOWELL DIVISION OF THE DISTRICT COURT DEPARTMENT. December 14, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Notice.*

Jay Patrick Mellen appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In the District Court, a clerk-magistrate found Mellen responsible for certain civil motor vehicle infractions when Mellen failed to appear at a hearing on the matter, on March 2, 2006. Mellen claimed that the notice he received stated the hearing was scheduled for the next day, March 3, 2006, and in various subsequent actions he took in the District Court, Superior Court, and before a single justice of the Appeals Court, he unsuccessfully sought a stay of the suspension of his driver's license and a new hearing. He was not able, however, to produce the notice he received or any other evidence to support his claim that there had been a mistake concerning the hearing date. Because the District Court's docket entries indicate that the scheduled hearing date was indeed March 2, 2006, and Mellen has not presented any evidence to the contrary, there was no error in denying Mellen's petition.

*Judgment affirmed.*

*Jay Patrick Mellen*, pro se.

*Jennifer Cartee*, Assistant Attorney General, for the defendant.