ALEXANDER ELLES & others,[1] trustees,[2] & others[3] *vs.* ZONING
BOARD OF APPEALS OF QUINCY & others.[4]

Suffolk. December 5, 2007. - February 15, 2008.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Interlocutory appeal, Standing.

A Land Court judge erred in striking a notice of appeal brought by plaintiffs seeking interlocutory review of an order denying summary judgment in their action challenging the issuance of a special permit by a local zoning board, where the plaintiffs properly were seeking appellate review of the judge's earlier conclusion, in striking the plaintiffs' first notice of appeal, that the doctrine of present execution did not apply in the circumstances of the case [673]; however, a single justice of this court correctly declined to employ the general superintendence power of this court to allow the plaintiffs to proceed with the appeal, given that the doctrine of present execution clearly did not apply, as there was no reason why the plaintiffs would be unable to obtain effective appellate review on appeal after trial [673-675].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 17, 2007.

The case was considered by *Ireland,* J.

*Edmund A. Allcock (Andrew S. Brooslin* with him) for the plaintiffs.

*Peter S. Brooks (Susan W. Gelwick* with him) for 260 Victory Road, LLC.

COWIN, J. The petitioners, plaintiffs below, appeal from a judgment of a single justice of this court denying their petition for relief pursuant to G. L. c. 211, § 3. We affirm.

We summarize briefly the tortuous procedural history of this

---

[1]Mike Joseph, Devin Vaughn, Laurie Pilotte, and Brian Mozinski.

[2]Of Seaport at Marina Bay Condominium Trust.

[3]Theresa Angelis, David Duval, Susan Feit, Maxine Kessler, and Holly Loose Nelson, as trustees of Chapman's Reach Condominium Trust.

[4]260 Victory Road, LLC; Thomas P. O'Connell; and the building inspector of Quincy.

case. The plaintiffs, trustees of two condominium associations in the Marina Bay development in Quincy, commenced an action in the Land Court challenging the issuance by the zoning board of appeals of Quincy (board) of a special permit to 260 Victory Road, LLC, which plans to build a multiple-unit residential building in Marina Bay near the plaintiffs' properties. The plaintiffs argued that the development would adversely affect them by generating increased traffic and noise, and that the board had applied the wrong provision of the zoning bylaw in granting the permit, resulting in a development that would be larger and denser than was allowable. Their claim of standing was based in part on the effect of the increased traffic. The parties filed cross motions for summary judgment. The judge denied both motions, ruling, inter alia, that there was a genuine dispute of material fact regarding the plaintiffs' standing to bring the suit.[5] The plaintiffs moved for reconsideration and, invoking the doctrine of present execution, filed a notice of interlocutory appeal. The judge denied the motion for reconsideration and, on his own initiative, ordered the notice of appeal struck, concluding that the doctrine of present execution did not apply and that the appeal was therefore premature.[6] The plaintiffs then filed a notice of interlocutory appeal from the order striking their first appeal (second notice of appeal); the Land Court judge struck the second notice of appeal as well, instructing the recorder "not to assemble a record on appeal at this time."[7]

The plaintiffs then turned to the single justice of this court, seeking relief pursuant to G. L. c. 211, § 3. The single justice

[5]The judge further stated that, the standing question aside, the summary judgment record appeared to support the plaintiffs' claim that the board had applied the wrong provision of the zoning bylaw in granting the permit. We do not decide whether, as the plaintiffs argue, this comment is binding on the judge so that they would be entitled to summary judgment should the standing issue be resolved in their favor.

[6]The plaintiffs also petitioned a single justice of the Appeals Court, under G. L. c. 231, § 118, first par., for relief from the denial of their motion for summary judgment. The single justice denied the petition. The plaintiffs then moved for reconsideration of the single justice's decision, but the single justice declined to change her ruling.

[7]The plaintiffs again applied to a single justice of the Appeals Court, requesting relief from the striking of their second notice of appeal. The single justice denied relief.

denied the petition without a hearing. In an order issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed in the regular course.

*Discussion.* The plaintiffs argue that the Land Court judge erred in striking both of their notices of appeal. We need not decide the propriety of the order striking the first notice of appeal because we find that in any event, the order striking the *second* notice of appeal was in error. The Land Court judge should not have struck the plaintiffs' second notice of appeal because the plaintiffs properly were seeking appellate review of the judge's earlier conclusion (in striking the first notice of appeal) that the doctrine of present execution does not apply in this case. Cf. *Zieminski* v. *Berkshire Div. of the Probate & Family Court Dep't*, 408 Mass. 1008, 1009 (1990) (proper route of challenge from dismissal of appeal was appeal to panel of Appeals Court); *Catalano* v. *First Essex Sav. Bank*, 37 Mass. App. Ct. 377, 383 (1994).

In the unique circumstances of this case, it is not clear that the plaintiffs had other avenues of redress open to them once the Land Court judge struck their second notice of appeal.[8] Therefore, we could vacate the judgment of the single justice of this court and order the entry of a judgment directing that the plaintiffs be permitted to proceed in the Appeals Court with their appeal on the limited question raised by the second notice of appeal (whether the doctrine of present execution applies in these circumstances). However, the parties have fully briefed that question as part of the appeal that is presently before us, and as we discuss below, we find it clear that the doctrine of present execution does not apply here; for that reason, we agree with the defendants that allowing an appeal on that issue would be a waste of time and resources in a case that has already been delayed. We therefore affirm the single justice's ruling. The single justice correctly declined to employ the extraordinary general superintendence power of this court to allow the plaintiffs to proceed with the appeal.

As a general rule, an aggrieved litigant cannot as a matter of

---

[8]The plaintiffs filed a third notice of appeal, and the Land Court judge struck it as well. They assert that further attempts to reach the Appeals Court would be futile. We are inclined to agree.

right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it. *Maddocks* v. *Ricker*, 403 Mass. 592, 597 (1988), and cases cited. One narrow exception to this principle is where the interlocutory ruling "will interfere with rights in a way that cannot be remedied on appeal" from the final judgment, and where the matter is "collateral" to the merits of the controversy. *Id.* at 597-600. Accord *Kent* v. *Commonwealth*, 437 Mass. 312, 315-317 (2002); *Fabre* v. *Walton*, 436 Mass. 517, 521-522 (2002), *S.C.*, 441 Mass. 9 (2004); *Borman* v. *Borman*, 378 Mass. 775, 780-782 (1979). This exception is known as the doctrine of present execution. See generally H.J. Alperin, Summary of Basic Law § 4.11 (4th ed. 2006) (collecting cases discussing doctrine of present execution).

Our courts have applied the doctrine of present execution only in very limited circumstances. For example, we have held that interlocutory orders relating to claims of government immunity from suit are subject to the doctrine because "[t]he right to immunity from suit would be 'lost forever' if an order denying it were not appealable until the close of litigation . . . ." *Brum* v. *Dartmouth*, 428 Mass. 684, 688 (1999). We have also applied the doctrine to the denial of a special motion to dismiss under the "anti-SLAPP" statute, G. L. c. 231, § 59H, because, as in the governmental immunity cases, the statute's protections against the harassment and burdens of litigation would be lost if a plaintiff were forced to litigate the case to its conclusion before obtaining appellate relief. See *Fabre* v. *Walton, supra.* Contrast *Baker* v. *Hobson*, 62 Mass. App. Ct. 659, 663-664 (2004) (where other claims remained pending so that parties would have to continue litigation regardless of outcome of any interlocutory appeal, doctrine of present execution not applicable).

There is no reason why the plaintiffs in this case would be unable to obtain effective appellate review of the standing issue on appeal after trial. Although the denial of summary judgment is not appealable as such after a trial on the merits, *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126 (1986), the issue of standing has frequently been addressed, and adequately dealt with, on appeal after trial. See, e.g., *Krafchuk* v. *Planning Bd. of Ipswich*, 70 Mass. App. Ct. 484, 487 (2007);

*Sheehan* v. *Zoning Bd. of Appeals of Plymouth,* 65 Mass. App. Ct. 52, 54-55 (2005); *Butler* v. *Waltham,* 63 Mass. App. Ct. 435, 438-443 (2005). See also *R.J.A.* v. *K.A.V.,* 34 Mass. App. Ct. 369, 372-374 (1993) (trial judge's finding that party had standing not subject to doctrine of present execution). The plaintiffs' argument that if they are forced to proceed to trial or evidentiary hearing on the standing issue, the record on appeal will "in all likelihood be different" is not persuasive. The same is true of any appeal after trial where summary judgment has been denied. The doctrine of present execution does not apply here. Accordingly, the single justice properly denied the plaintiffs' petition.

*Judgment affirmed.*