# RESCRIPT OPINIONS.

MARK REZNIK *vs.* DISTRICT COURT DEPARTMENT OF THE TRIAL COURT. February 9, 2010. *Practice, Civil,* Extraordinary review, Appeal, Relief from judgment, Stipulation. *Supreme Judicial Court,* Superintendence of inferior courts.

Mark Reznik appeals from the dismissal of his petition for relief under G. L. c. 211, § 3. After Reznik stipulated to the dismissal of a civil action he commenced in the District Court, he moved for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). That motion was denied, and Reznik filed a notice of appeal. A judge in the District Court ordered that the notice of appeal and filing fee be returned to Reznik on the ground that, because the case had been resolved by stipulation, there could be no appeal. Reznik seeks relief from this order.

"The court's extraordinary powers under G. L. c. 211, § 3, are reserved for circumstances in which there is no adequate, alternative remedy." *Driscoll* v. *T.R. White Co.*, 441 Mass. 1009, 1010 (2004). The District Court judge, in effect, struck Reznik's notice of appeal. An order striking a notice of appeal is itself appealable. See *Elles* v. *Zoning Bd. of Appeals of Quincy*, 450 Mass. 671, 673 (2008) (Land Court judge erred by striking second notice of appeal, which sought appellate review of order striking first notice of appeal). The correct course of action would have been for Reznik to file a (second) notice of appeal and for the clerk of the District Court to accept it and process the appeal. The record indicates, however, that personnel in the clerk's office advised Reznik in writing that the clerk's office would accept no further filings from him, contrary to our decision in the *Elles* case. In the unusual circumstances of this case, we are satisfied that further attempts to obtain review in the ordinary course would have been futile. See *Driscoll* v. *T.R. White Co.*, *supra*. We accordingly consider the merits of Reznik's petition.

It appears that the judge struck the notice of appeal because he incorrectly viewed it as an attempt to appeal from the stipulated dismissal. In fact, Reznik sought to appeal from the order denying his rule 60 (b) motion. Such an order is appealable, even where the underlying judgment was entered by stipulation. See, e.g., *Tuite & Sons* v. *Shawmut Bank, N.A.*, 43 Mass. App. Ct. 751, 755 (1997); *Paresky* v. *Board of Zoning Appeal of Cambridge*, 19 Mass. App. Ct. 612 (1985). While we express no view on the merits of Reznik's proposed appeal, we conclude that he was entitled to take it.[1]

A judgment shall enter in the county court reinstating Reznik's appeal to the Appellate Division from the denial of his rule 60 (b) motion.

*So ordered.*

*Mark Reznik*, pro se.

*Sookyoung Shin*, Assistant Attorney General, for the defendant.

---

[1]As in any appeal, neither the judge nor the court should be named as a party.