CARE AND PROTECTION OF RICHARD & others. February 12, 2010. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Review of interlocutory action, Intervention.

The maternal grandmother of three children as to whom care and protection proceedings were commenced in the Juvenile Court appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3. In her petition, the grandmother sought an order allowing her to intervene in the proceedings for the sole purpose of presenting evidence that, in separate Juvenile Court proceedings in a different county, a fourth child was returned to the care and custody of the grandmother's daughter, who is the mother of all four children.[1,2] We affirm the judgment of the single justice.

Relief pursuant to G. L. c. 211, § 3, is extraordinary. We will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law. See, e.g., *Matthews* v. *Appeals Court,* 444 Mass. 1007, 1008 (2005). The grandmother "must 'demonstrate both a substantial claim of violation of [her] substantive rights and error that cannot be remedied under the ordinary review process.' " *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 706 (1990). The grandmother has shown no reason why her claims could not have been addressed in the ordinary appellate process. An interlocutory order denying intervention as of right under Mass. R. Civ. P. 24 (a), 365 Mass. 769 (1974), is immediately appealable, see, e.g., *Massachusetts Fed'n of Teachers* v. *School Comm. of Chelsea,* 409 Mass. 203, 204 (1991), and when there is an appeal from a denial of a claim of intervention as of right, the court also generally considers the denial of a request for permissive intervention under Mass. R. Civ. P. 24 (b), 365 Mass. 769 (1974).[3] See *id.* The single justice did not abuse her discretion or commit any other error of law by denying extraordinary relief.

*Judgment affirmed.*

*Frank J. Ciano* (*Raffaela C. Hanley* & *Tracy D. Galloway* with him) for the grandmother.

---

[1] The grandmother represents that she filed a motion to intervene in the care and protection proceedings. No such motion appears on the Juvenile Court dockets of the three separate care and protection cases. The dockets do reflect that in May, 2009, the grandmother filed a motion to reconsider and reopen the evidence in each case, seeking essentially the same relief as she seeks in her petition for relief under G. L. c. 211, § 3: to present evidence concerning the outcome of the separate Juvenile Court proceedings in another county. A judge in the Juvenile Court denied the motions to reconsider. Each denial was an interlocutory ruling. On appeal from the single justice's denial of relief, the grandmother was therefore obligated to comply with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). She has failed to do so. "This by itself is a reason not to disturb the single justice's judgment." *Picciotto* v. *Superior Court Dep't of the Trial Court,* 437 Mass. 1019, 1020 n.5 (2002), quoting *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998).

[2] In her brief, the grandmother also asks that certain guardianship proceedings be reopened. This request was not before the single justice and is not properly before us.

[3] Although the rules of civil procedure are not applicable to proceedings in the Juvenile Court, Mass. R. Civ. P. 24, 365 Mass. 769 (1974), "may well be accepted as a cogent standard." *Care & Protection of Zelda,* 26 Mass. App. Ct. 869, 871 (1989).