RONALD H. PICARD & another[1] *vs.* EMMA MARIE SARTINI, executrix.[2] March 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Dismissal of appeal.

Ronald H. Picard and South Attleboro Welding Corporation (collectively, petitioners) filed a petition with a single justice of this court seeking extraordinary relief under G. L. c. 211, § 3, from the dismissal of their appeal from a final judgment of the Superior Court. The single justice denied the petition, and the petitioners appeal from the judgment of the single justice. We affirm.

The petitioners are the defendants in an action for breach of contract and other claims commenced in the Superior Court by the executrix of the estate of Raymond R. Sartini. On the petitioners' motion, the action was stayed and the parties were compelled to seek arbitration. An arbitrator issued an award in favor of the executrix. On the parties' cross motions, the award was confirmed and a final judgment entered. The petitioners filed a notice of appeal. The executrix moved to dismiss the appeal. A judge in the Superior Court allowed the motion. The G. L. c. 211, § 3, petition sought relief from that ruling.

The petitioners have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule does not apply here because the dismissal of the petitioners' appeal was not an interlocutory ruling. See S.J.C. Rule 2:21 (1). Nonetheless, it is clear on this record that the petitioners had at least one alternative to seeking general superintendence relief: they were entitled as a matter of law to take an appeal to the Appeals Court from the dismissal of their appeal. See *Elles* v. *Zoning Bd. of Appeals of Quincy*, 450 Mass. 671, 673 (2008) (plaintiffs entitled to appeal from order striking first notice of appeal; judge erred by striking second notice of appeal). The single justice therefore did not err or abuse her discretion by denying relief under G. L. c. 211, § 3. Moreover, it is not too late for the petitioners to

---

[1]South Attleboro Welding Corporation.

[2]Of the estate of Raymond R. Sartini.

file a notice of appeal at this point from the dismissal of their first appeal and to move for an enlargement of time for the filing from a single justice of the Appeals Court.[3] See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Philip J. Laffey* for the petitioners.

---

[3]The petitioners allege, for the first time in their memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), that the Superior Court judge told them orally at the hearing on the motion to dismiss their appeal that any appeal from the dismissal would also be dismissed. As they made no such allegation before the single justice, this claim is not properly before us in this appeal from her judgment. This allegation is also unsubstantiated on the record before us. In any event, the allegation, if substantiated, might be considered by a single justice of the Appeals Court acting on a motion for an enlargement of time.