MARK REZNIK *vs.* RICHARD T. GARAFFO & others.[1] December 20, 2013. *Practice, Civil,* Intervention, Interlocutory appeal.

Mark Reznik filed a petition pursuant to G. L. c. 211, § 3, in the county court seeking, among other things, an order compelling the Superior Court to accept his notice of appeal from an order denying his motion to intervene in the underlying Superior Court action.[2] Reznik had sought to intervene in the underlying case pursuant to Mass. R. Civ. P. 24 (a) (2) and (b) (2), 365 Mass. 769 (1974). When he attempted to file a notice of appeal from that ruling, however, a second Superior Court judge ordered that the notice of appeal be returned on the ground that Reznik was not a party to the case. Reznik then attempted to file a notice of appeal from that order, which likewise was returned.[3]

---

[1]The Superior Court Department of the Trial Court and an Associate Justice of the Superior Court. See *Reznik* v. *District Court Dep't of the Trial Court*, 456 Mass. 1001, 1001 n.1 (2010) (neither judge nor court should be named as party). The Superior Court and the judge have filed a memorandum in lieu of a brief on appeal. The real party in interest in the underlying litigation, Richard T. Garaffo, has not appeared in this appeal. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[2]Reznik also sought relief from other rulings in the underlying case, including the denial of his motion to disqualify the judge. A nonparty has no right to seek review of such rulings, however (or to file such motions in the first place). See *Martin* v. *Tapley*, 119 Mass. 116, 120 (1875). See also *Matter of the Receivership of Harvard Pilgrim Health Care, Inc.*, 434 Mass. 51, 55-58 (2001) (amicus curiae without independent right to present argument or file appeal); *United States ex rel. Louisiana* v. *Jack*, 244 U.S. 397, 402 (1917) (person not party to record or judgment below may not appeal). Moreover, the fact that the Superior Court clerk had listed Reznik for a period of time on the Superior Court docket as an "other interested party" did not by itself make him a party to the case. See Mass. R. Civ. P. 24, 365 Mass. 769 (1974).

[3]After final judgment entered in the underlying case, Reznik again attempted to file a notice of appeal, which was returned. See note 2, *supra*.

Reznik's claim that he improperly was denied an opportunity to appeal has merit. An "interlocutory order denying intervention as of right under Mass. R. Civ. P. 24 (a), 365 Mass. 769 (1974), is immediately appealable, see, e.g., *Massachusetts Fed'n of Teachers* v. *School Comm. of Chelsea*, 409 Mass. 203, 204 (1991), and when there is an appeal from a denial of a claim of intervention as of right, the court also generally considers the denial of a request for permissive intervention under Mass. R. Civ. P. 24 (b), 365 Mass. 769 (1974)." *Care & Protection of Richard*, 456 Mass. 1002, 1002 (2010). The parties agree that Reznik's motion was predicated on both rule 24 (a) (2) and (b) (2). His right to appeal was effectively cut off, however, because his multiple notices of appeal were refused for filing and returned to him. We are satisfied that further attempts in the trial court to remedy the situation would have been futile, and therefore relief under G. L. c. 211, § 3, was warranted. See *Reznik* v. *District Court Dep't of the Trial Court*, 456 Mass. 1001, 1001 (2010); *Elles* v. *Zoning Bd. of Appeals of Quincy*, 450 Mass. 671, 673 n.8 (2008); *Driscoll* v. *T.R. White Co.*, 441 Mass. 1009, 1010 (2004).

The substantive merits of Reznik's appeal from the denial of his motion to intervene are not before us. While we express no opinion on the merits of that proposed appeal, we are of the view that he was entitled to take it, subject to the ordinary rules governing appeals. A judgment shall enter in the county court directing the Superior Court to accept his notice of appeal (within thirty days of the date of this opinion) from the denial of his motion to intervene. Unless and until he vindicates a right to intervene, he has no right to challenge any of the other rulings in the underlying action. See note 2, *supra*.[4]

*So ordered.*

*Mark Reznik*, pro se.

*David R. Marks*, Assistant Attorney General, for Superior Court Department of the Trial Court & another.

---

[4]A final observation is in order. Reznik's filings both before the single justice and before the full court contain numerous accusations that are inflammatory, unsupported by the record, and immaterial to the issues on appeal. He is on notice that the inclusion of such material in future filings may result in appropriate sanctions.