NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1701                                          Appeals Court


 JOSEPH KELLEY & others[1]  vs.  BOSTON FIRE DEPARTMENT & another.[2]



              No. 13-P-1701.     November 18, 2014.

Fire Fighter, Appointment.  Municipal Corporations, Fire
     department.  Boston.  Civil Service, Appointment.
     Practice, Civil, Review of interlocutory action.


     Four fire lieutenants employed by the city of Boston (city) fire department filed an appeal with the Civil Service Commission (commission) pursuant to G. L. c. 31, § 2(b) and (c), claiming to be aggrieved by the practice of appointing out-of-grade acting captains without following the provisions of the civil service laws.  The commission found that the city violated G. L. c. 31, § 31, by appointing acting captains on an emergency basis without initially notifying the Division of Human Resources (HRD), and without obtaining the consent of HRD to extend the emergency appointments after the initial thirty days.  The commission ordered the city to cease appointing acting captains in this manner, and the city ended the practice effective July 1, 2009.[3]  However, the commission ultimately dismissed the plaintiffs' appeal, concluding that compliance with § 31 procedures was "ministerial," and that the plaintiffs

_____

     [1] Phillip Sifford, Michael Finn, and Lawrence MacDougall.

     [2] Civil Service Commission.

     [3] The emergency appointments were made by seniority, in accordance with the provisions of the collective bargaining agreement for appointing acting captains, while the temporary appointments sought by the plaintiffs would have been made from the civil service list.

had failed to demonstrate that the appointments did not meet the statutory criteria set forth in G. L. c. 31, § 31.[4]

The lieutenants appealed the commission's decision pursuant to G. L. c. 30A, § 14. A judge of the Superior Court vacated the commission's decision, concluding as a matter of law that the statutory notice and consent requirements were not ministerial, and that the burden of proving that the § 31 criteria were met rested with the city, not the plaintiffs. The matter was remanded to the commission for a new evidentiary hearing to allow the plaintiffs to offer proof of the specific appointments made in violation of § 31 that "they should have received because of their position on the promotion list." The city has appealed. No appeal was filed by the commission.

"As a general rule, an aggrieved litigant cannnot as a matter of right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it." Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 673-674 (2008). This general rule applies with equal force to appeals by litigants who appear before administrative agencies. "[A]n order of remand to an administrative agency is interlocutory and may not be appealed from by the parties to the underlying action." Chief Justice for Admin. & Mgmt. of the Trial Ct. v. Massachusetts Commn. Against Discrimination, 439 Mass. 729, 730 n.5 (2003).[5]

---

[4] Section 31 provides, in pertinent part, that an emergency appointment to a civil service position may be made "only when the circumstances requiring it could not have been foreseen and when the public business would be seriously impeded by the time lapse incident to the normal appointment process."

[5] Under the so-called Cliff House exception, see Cliff House Nursing Home, Inc. v. Rate Setting Commn., 378 Mass. 189, 191 (1979), "an exception to this general rule exists where an administrative agency appeals a remand order that is final as to the agency." Kelly v. Civil Serv. Commn., 427 Mass. 75, 76 n.2 (1998). See Chief Justice for Admin. & Mgmt. of the Trial Ct. v. Massachusetts Commn. Against Discrimination, supra; Wrentham v. West Wrentham Village, LLC, 451 Mass. 511, 515-516 (2008). As noted above, the commission has not appealed from the order of remand, and no claim is made by it that this exception applies. Contrast Lincoln v. Personnel Administrator of the Dept. of Personnel Admin., 432 Mass. 208, 210 (2000).

The fact that the city has raised the jurisdictional issue of standing for the first time in the Superior Court and on appeal further underscores the propriety of adhering to the general rule. There is "no reason why the [city] would be unable to obtain effective appellate review of the standing issue on appeal after [remand]." Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. at 674. Sound jurisprudence militates in favor of allowing the administrative process to run its course. See Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987) (dismissing declaratory judgment action where "[t]he board ha[d] held no hearing on the jurisdictional question raised by the plaintiff and ha[d] had no opportunity to render a considered decision under the facts of th[e] case"). Like the doctrine of exhaustion of administrative remedies, the rule that we hear appeals from final judgments, not interlocutory orders,

> "is a sound principle of law and jurisprudence aimed at preserving the integrity of both the administrative and judicial processes. In the absence of such a requirement a court would be in the position of reviewing administrative proceedings in a piecemeal fashion, Broderick's Case, 320 Mass. 149, 151 (1946) . . . . More important, however, allowing the administrative process to run its course before permitting full appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing. East Chop Tennis Club v. Massachusetts Comm'n Against Discrimination, 364 Mass. 444 (1973)."

Assuncao's Case, 372 Mass. 6, 8-9 (1977).

Accordingly, we decline to hear this appeal, which is premature.

Appeal dismissed.

Robert J. Boyle, Jr., for Boston Fire Department.
F. Robert Houlihan for the plaintiffs.