NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12505

MARK REZNIK  vs.  JOSEPH P. MENDES & others.[1]

November 15, 2018.

Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Notice of appeal, Attorney's fees, Costs.


Mark Reznik filed a petition pursuant to G. L. c. 211, § 3, in the county court seeking, among other things, an order requiring the Appeals Court to accept his notice of appeal from its award of appellate attorney's fees against him in the underlying litigation.[2]  The single justice denied the petition

_____

[1] Michael P. Johnson and the Massachusetts Appeals Court. The Appeals Court is a nominal party only.  See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).  The defendants in the underlying litigation, Nicholas Urzia and Miranda Equipment & Contracting, Inc., were not named as parties in the petition, although they should have been.  See id.

[2] To the extent Reznik's petition also sought relief from the Appeals Court's decision on the substantive merits of his appeal, and from a decision of the Appellate Division of the District Court dismissing his initial appeal to that court, the single justice correctly denied relief.  The power of general superintendence "is meant for situations where a litigant has no adequate alternative remedy."  McMenimen v. Passatempo, 452 Mass. 178, 185 (2008).  With respect to the Appellate Division's decision, Reznik could have appealed, and in fact did appeal, to the Appeals Court.  With respect to the Appeals Court's decision on the merits, he could have petitioned for a rehearing in the Appeals Court or applied for further appellate review in this court.

and the accompanying motions that Reznik had also filed in the county court.  We affirm.

This case originated in the District Court when Reznik filed a civil complaint against Nicholas Urzia and Miranda Equipment & Contracting, Inc.  The complaint was eventually dismissed because of, among other things, Reznik's multiple violations of interim court orders.  Reznik's appeal to the Appellate Division of the District Court from the dismissal of his case was thereafter dismissed by the Appellate Division for failure to comply with the appellate rules.  Reznik then appealed to the Appeals Court.  In a memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the Appellate Division's decision, concluded that Reznik's appeal from that decision was "interposed solely for purposes of harassment, wholly lack[ed] legal or factual basis, and otherwise [was] frivolous," and granted the appellees' request for appellate attorney's fees and double costs pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979).  Reznik neither petitioned the Appeals Court for a rehearing nor filed an application for further review in this court, as he might have done at that juncture.  Instead, he filed a notice of appeal in the Appeals Court, purporting to appeal as a matter of right to this court pursuant to G. L. c. 231, § 6G, from the Appeals Court's award of fees and double costs.

The Appeals Court struck Reznik's notice of appeal from its award of fees and double costs.  The court explained that its order was not predicated on G. L. c. 231, § 6F, and therefore he had no right to appeal pursuant to G. L. c. 231, § 6G.  Rather, as the Appeals Court explained to him, its award of fees and double costs was based on Mass. R. A. P. 25, from which there is no appeal to this court as a matter of right.  Reznik's options at that point were to petition for rehearing in the Appeals Court, Mass. R. A. P. 27, as amended, 410 Mass. 1602 (1991); apply for further appellate review in this court, Mass. R. A. P. 27.1, as amended, 441 Mass. 1601 (2004); or appeal from the

The single justice also correctly denied Reznik's request for discipline of the two attorneys who, in the Appeals Court, requested attorney's fees and costs on behalf of their clients. See Gorbatova v. Semuels, 462 Mass. 1012, 1012 (2012) ("no private right to commence a court action to seek disciplinary action against an attorney"); Matter of a Request for an Investigation of an Attorney, 449 Mass. 1013, 1014 (2008).

striking of his notice of appeal.[3]  See Fronk v. Fowler, 456 Mass. 317, 326-327 & n.20 (2010) (describing different routes for obtaining appellate review of fee awards under G. L. c. 231, § 6F, on one hand, and awards under Mass. R. A. P. 25 and G. L. c. 211A, § 15, on other hand; "Decisions concerning the award of litigation costs follow different appellate paths depending on their origin"); Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 & n.11 (1997) (G. L. c. 231, § 6G, only authorizes appeals "from decisions rendered under G. L. c. 231, § 6F"; "party aggrieved by the award of costs by the Appeals Court under G. L. c. 211A, § 15, and Mass. R. A. P. 25 may seek review in this court by applying for further appellate review"); Avery v. Steele, 414 Mass. 450, 451 (1993) (granting further appellate review to consider assessment of double costs under Mass. R. A. P. 25 and G. L. c. 211A, § 15).

This is not a case where Reznik had a right to appellate review that was thwarted by a court.  Contrast Reznik v. Garaffo, 466 Mass. 1034, 1035 (2013); Reznik v. District Court Dep't of the Trial Court, 456 Mass. 1001, 1001 (2010).  He was not entitled to appeal to this court as a matter of right.  He had an opportunity to seek discretionary review from this court by applying for further appellate review, but failed to avail

---

[3] Striking a notice of appeal on the ground that no right to appeal exists, as the Appeals Court did here, does not foreclose one's right to appeal altogether, but it limits the scope of what may be appealed.  A party who believes that he or she has a right to appeal from a challenged order may file a second notice of appeal from the order striking the first notice of appeal. It would then be incumbent on the lower court to allow an appeal to proceed on the limited question whether the party had a right to appeal from the challenged order in the first place.  See Elles v. Zoning Board of Appeals of Quincy, 450 Mass. 671, 673 (2008), and cases cited.  See also Skandha v. Clerk of the Superior Court for Civil Business in Suffolk County, 472 Mass. 1017, 1019 (2015); Reznik v. Garaffo, 466 Mass. 1034, 1035 (2013); Reznik v. District Court Dep't of the Trial Court, 456 Mass. 1001, 1001 (2010).  The result we reach here -- that Reznik had no right to appeal pursuant to G. L. c. 231, § 6G, because the Appeals Court's award of fees and double costs was made under Mass. R. A. P. 25 and not under G. L. c. 231, § 6F -- would be the same regardless whether Reznik had filed a second notice of appeal in the Appeals Court, and the case had come before us in that fashion, instead of petitioning a single justice of this court under G. L. c. 211, § 3, as he did.

himself of that opportunity even after the Appeals Court directed him in writing to the correct procedure.

Because Reznik had no right to appeal pursuant to G. L. c. 231, § 6G, and because he could have applied for further appellate review in this court, the single justice properly declined to exercise this court's extraordinary power of general superintendence under G. L. c. 211, § 3.[4]

Judgment affirmed.

The case was submitted on briefs.
Mark Reznik, pro se.
Michael P. Johnson, pro se.
Joseph P. Mendes, pro se.

---

[4] Reznik's filings both before the single justice and before the full court were replete with vitriolic, unsubstantiated, and ultimately irrelevant accusations against the attorneys and judges who were involved in this case. We have previously cautioned him against this, and have placed him on notice that the inclusion of such material may lead to sanctions. See Reznik v. Garaffo, 466 Mass. at 1035 n.4. The respondents did not include a request for sanctions in their briefs before this court, but in the future we will not hesitate to impose sanctions with or without a request. See Avery v. Steele, 414 Mass. 450 (1993).