NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-237

GEORGE L. CUSHING, trustee,[1]

vs.

MARK W. WILLIAMSON & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a Probate and Family Court judge's decision to remove both George L. Cushing and Mark W. Williamson from their roles as cotrustees of the Philip G. Spiva Trust and the Philip G. Spiva Memorial Endowment Trust (Endowment trust). Because, contrary to the appellants' argument, we conclude that the judgment granted only the relief requested by the parties and nothing more, and because we decline the appellants'

_____

[1] Of the Philip G. Spiva Trust.

[2] Valley View School, Inc., Galapagos Conservancy, Pomfret School, Katherine S. Upchurch, and the Public Charities Division of the Office of the Attorney General.

invitation to review dicta in the judge's memorandum of decision, we affirm.

Discussion.  The following facts are uncontested.  Cushing and Williamson served as cotrustees of the trusts.  The pairing was not a compatible one and, in 2018, they each filed petitions for removal of the other as cotrustee.  After a bench trial, the judge concluded that "[Cushing and Williamson] clearly [could not] work together for the benefit of the trusts" and it was therefore in the best interests of the trusts that they be removed from their roles.  See G. L. c. 203E, § 706 (b) (1)-(3).  Judgments entered ordering the removal of both Cushing and Williamson as cotrustees, appointing an "independent trustee" for both trusts, and authorizing the appointment of successor cotrustees.[3]

The judge accompanied her judgment with a detailed memorandum of decision explaining her reasoning.  To provide context to this decision, the judge also outlined the cotrustees' differing interpretations of certain provisions of the Endowment trust.  Specifically, "[t]o prevent further

---

[3] The judgment also directed the trustees of the Endowment trust to take the steps necessary to have the Endowment trust's tax-exempt status reinstated, required Williamson to provide the new trustees with the information needed for their transition, and permitted the parties to submit additional filings related to their requests for attorney's fees and costs.

2

litigation and cost," she provided a one-paragraph advisory opinion interpreting the disputed provisions, including the authority of the trustees of the Endowment trust to make distributions to Valley View School, Inc. (Valley View).[4]  This dispute was not resolved in the judgment; indeed, the judgment was silent on the trusts' requirements.  Moreover, the judgment did not turn on nor reference the judge's advisory opinion.

On appeal, Williamson and Valley View do not challenge Williamson's removal from the role of cotrustee.  Instead, they contend -- based on the judge's inclusion of the advisory opinion in her written decision -- that the judgment below exceeded the scope of the relief sought in the complaints.  Their argument is unavailing.

Putting aside the appellants' failure to cite to any precedential authority supporting their position, the judgment in this case granted Cushing and Williamson only the relief they sought -- the removal of the other party as cotrustee of the trusts.  Additionally, it is apparent from the judge's memorandum that her decision to remove the cotrustees was not based on her interpretations of the trusts.  Instead, her advisory guidance was dicta or, at most, amounted to an interlocutory determination.  See Commonwealth v. Rahim, 441

---

[4] Valley View is the primary beneficiary of both trusts.

3

Mass. 273, 284 (2004) (defining dicta as "language which was unnecessary . . . and which passed upon an issue not really presented" [quotations and citation omitted]).

Dicta is not binding, see Rahim, 441 Mass. at 284, quoting Old Colony Trust Co. v. Commissioner of Corps. & Taxation, 346 Mass. 667, 676 (1964), and is not generally subject to appellate review. Cf. Commonwealth v. Soto, 104 Mass. App. Ct. 806, 810-811 (2024) (differentiating dicta from alternative holdings, which are directly related to questions at issue). Moreover, even if the judge's advisory opinion in this case were an interlocutory order, the appellants have not demonstrated that any exception to the usual rule against appellate review of such orders applies. See Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 20 (2020), quoting Maddocks v. Ricker, 403 Mass. 592, 597 (1988) ("As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it"). Cf. Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 673-674 (2008) (recognizing doctrine of present execution as "narrow exception" to usual rule).

As there is no challenge to the judgment below, we need not and do not decide whether that judgment was correct. For the

reasons we have explained, we do not address the appellants' remaining arguments.

> _Judgment affirmed_.
>
> By the Court (Massing, Hand & Smyth, JJ.[5]),
>
> _Paul Little_
>
> Clerk

Entered:  December 24, 2024.

---

[5] The panelists are listed in order of seniority.