NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-4

CHERYL BOYLE

vs.

ARTHUR A. BOYLE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Arthur and Renee Boyle, appeal from the order of a Superior Court judge dismissing their appeal on the motion of the plaintiff, Cheryl Boyle, pursuant to Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019). We affirm.

Background. This appeal arises from a Superior Court action to enforce a divorce judgment of the Probate and Family Court.[2] After a default judgment entered in Superior Court against the defendants, they filed a notice of appeal, but did

---

[1] Renee Boyle.

[2] Some of the prior litigation is described in Boyle v. Boyle, 103 Mass. App. Ct. 1110 (2023) (unpublished memorandum and order).

not timely take certain steps to pursue the appeal.  The plaintiff filed a motion to dismiss the appeal, arguing that the defendants had failed to:  (1) serve their notice of appeal on the plaintiff, Mass. R. A. P. 13 (b), as appearing in 481 Mass. 1624 (2019); (2) deliver to the clerk within fourteen days of the filing of the notice of appeal a notice of whether transcripts had been ordered, which was "reasonably necessary to enable the clerk to assemble the record," Mass. R. A. P. 9 (d) (1)-(2), as appearing in 481 Mass. 1615 (2019); and (3) enter the appeal upon the docket of this court within fourteen days after receiving from the Superior Court clerk the notice of assembly of the record, Mass. R. A. P. 10 (a) (1) (A), as appearing in 481 Mass. 1618 (2019).  The plaintiff originally filed that motion to dismiss on October 31, 2024, with a certificate of service attesting that it had been served on the defendants.  The Superior Court docket reflects that the plaintiff also filed an affidavit of counsel regarding compliance with Superior Court Rule 9A (Rule 9A), but no copy of that affidavit is included in the appellate record.  The defendants then filed a motion to be permitted to file a late opposition to the motion to dismiss, which the plaintiff opposed, but no copies of those pleadings are in the appellate record.  The docket reflects that on November 19, 2024, the defendants filed an untimely memorandum in opposition to the

motion to dismiss, which is also not in the appellate record. The judge ruled that no action would be taken on the motion to dismiss appeal, and ordered the plaintiff "to compile a package, PURSUANT TO RULE 9A, and without any emergency or late filings, and submit [it] to the Court, with all oppositions and filings, at one time."

The Superior Court docket reflects that, on November 29, 2024, the plaintiff complied with the judge's order by refiling the package that included her motion to dismiss the defendants' appeal and the defendants' opposition. The docket also reflects that the plaintiff filed an affidavit of her counsel certifying compliance with Rule 9A, but no copy of that affidavit is included in the appellate record.

The judge denied the defendants' motion to file their untimely opposition to the motion to dismiss their appeal, finding that their "arguments justifying the need to file this opposition late are not convincing," because the defendants had shown a "pattern of failing to meet filing or service and other deadlines, which resulted in the default judgment that is the subject of this appeal, [that] continues with this motion." The judge allowed the plaintiff's motion to dismiss the defendants' appeal, noting, "[t]his motion was unopposed when filed an[d] I have today denied Defendant[s'] motion to file their opposition

3

late."  The defendants timely appeal from the order allowing the plaintiff's motion to dismiss their appeal.[3]

Discussion.  The defendants argue that the judge should have denied the motion to dismiss because "the Plaintiff failed to adhere to Rule 9A."  In support of that argument, the defendants make assertions about the contents of the plaintiff's counsel's affidavit of compliance with Rule 9A that was filed on November 29, 2024, and argue that it caused the defendants to be "unduly prejudiced."  As mentioned, no copy of the November 29 Rule 9A affidavit is included in the appellate record; nor is there a copy of the plaintiff's October 31 Rule 9A affidavit. Indeed, from the incomplete record before us, we cannot ascertain whether the defendants raised their Rule 9A argument in the Superior Court.  As appellants, it was the defendants' duty to include in the record appendix "any parts of the record relied upon in the brief," and "any document . . . relating to an issue which is to be argued on appeal."  Mass. R. A. P. 18 (a) (1) (A) (v) (a)-(b), as appearing in 481 Mass. 1637 (2019).  By failing to include in the record appendix the parts of the record necessary for us to assess their claims, the

_____

[3] The defendants did not appeal from the judge's order denying their motion to file their untimely opposition to the motion to dismiss, and so we do not consider that issue.

4

defendants have waived them.  See Simmons v. Chace, 105 Mass. App. Ct. 550, 557 (2025).

We further note that the defendants do not argue that the judge exceeded the scope of his discretion under Mass. R. A. P. 10 (c) by dismissing the appeal.  That rule provides:  "If any appellant in a civil case shall fail to comply with Rule 9(d) or Rule 10(a)(1), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect . . . ."  Mass. R. A. P. 10 (c).  From the judge's findings denying the defendants' motion to file a late opposition to the motion to dismiss, we infer that the judge found inexcusable neglect.  The defendants do not claim that they have demonstrated either excusable neglect or a meritorious issue on appeal.  See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122-123 (2019).

Conclusion.  The judge did not abuse his discretion in allowing the motion to dismiss the appeal.  The plaintiff's request for an award of appellate attorney's fees is allowed. See G. L. c. 211A, § 15; Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).[4]  Accordingly, the plaintiff may submit a

---

[4] In support of her request for appellate attorney's fees, the plaintiff cited G. L. c. 231, § 6F, and Mass. R. Civ. P. 11, as amended, 456 Mass. 1401 (2010), and argued that the defendants' counsel "be ordered to pay all or at least part of [the plaintiff]'s legal fees."  Our allowance of fees is not predicated on § 6F or Rule 11, but on G. L. c. 211A, § 15, and

petition for appellate attorney's fees, accompanied by appropriate supporting documentation, within fourteen days of the date of the rescript, and the defendants may file a response within fourteen days thereafter.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Order dated December 4, 2024, allowing motion to dismiss appeal, affirmed.

By the Court (Grant, Brennan & Smyth, JJ.[5]),

Clerk

Entered:  November 24, 2025.

---

Mass. R. A. P. 25.  See Reznik v. Mendes, 481 Mass. 1003, 1004 (2018).

[5] The panelists are listed in order of seniority.